### FLORENCE OIL & REFINING CO. et al. v. INTERSTATE NAT. BANK OF KANSAS CITY.

(Circuit Court of Appeals, Eighth Circuit. October 19, 1896.)

DEMURRER OUT OF TIME—COLORADO CODE.

Under Code Civ. Proc. Colo. §§ 74, 168, where a demurrer to a complaint is allowed to be filed out of time, and is then overruled, it is necessary to apply to the court for leave to file further pleadings, and the granting of such leave is discretionary with the court.

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action upon a promissory note by the Interstate National Bank of Kansas City, Kan., against the Florence Oil & Refining Company and William E. Johnson. From a judgment entered in favor of plaintiff after the overruling of a demurrer to the complaint, defendants brought er .

T. M. Patterson, E. F. Richardson, and H. N. Hawkins, for plaintiffs in error.

John A. Perry and Carlton M. Bliss, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. The Interstate National Bank of Kansas City, Kan., the defendant in error, sued the Florence Oil & Refining Company and William E. Johnson, the plaintiffs in error, on a promissory note executed by the last-named parties for the sum of $10,000, which was dated November 25, 1893, and was made payable 180 days after the date thereof. The summons in said action was served on the defendants below, respectively, on July 13, 1895, and on August 10, 1895. The summons required the defendants "to appear and demur or answer to the complaint filed in said action * * * within ten days * * * after this summons shall be served." The record shows that on September 3, 1895, the defendants below filed a motion to strike out the affidavit attached to the plaintiff's complaint, which affidavit was as follows:

"John A. Perry, being first duly sworn, upon his oath deposes and says that he is the attorney for the plaintiff; that he has read the foregoing complaint, and knows the contents thereof, and that the same is true to the best knowledge and belief of the affiant. John A. Perry."

The motion addressed to the affidavit was heard on October 1, 1895, and was on that day overruled. On the same day the defendants asked leave to file a demurrer to the complaint, which was granted, and a demurrer in the following language was filed:

"Come now the defendants, the Florence Oil & Refining Company and William E. Johnson, by their attorneys, Patterson, Richardson & Hawkins, and demur to the plaintiff's complaint in this cause, and for cause of demurrer say that said complaint does not state facts sufficient to constitute a cause of action."

The demurrer was forthwith heard and overruled, whereupon the defendants asked leave to file an answer to the complaint, which leave was denied. Thereupon the plaintiff below moved the court for a judgment against the defendants by default, which motion was granted.

The record having been removed to this court by a writ of error, it is here urged that a reversible error was committed by the trial court in refusing to grant the defendants below leave to answer the complaint after the motion to strike out the affidavit and the demurrer had been overruled. It is not claimed in this court as a ground for reversal that either the motion or the demurrer was well founded in point of law, but it is insisted that, notwithstanding the fact that both pleadings were obviously without merit, the trial court was, nevertheless, bound to grant permission to file an answer, and this without any precedent showing that the defendant had a meritorious defense. We are of opinion that the record

fails to show any error of which this court can take cognizance. The case discloses, we think, that when the motion to strike out the affidavit was filed, on September 3, 1895, the defendants were then in default for failure to demur or answer to the complaint within the time specified in the summons, and that they were likewise in default on October 1, 1895, when they asked and obtained leave to file a demurrer to the complaint. Neither of these pleadings would seem to have been filed in time. The following sections of the Colorado Code of Civil Procedure are the only ones bearing upon the question which have been called to our attention:

"168. Judgment may be had if the defendant fails to answer the complaint as follows: First, in an action arising upon contract for the recovery of money or liquidated damages only, if no answer, demurrer or motion has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk upon the application of the plaintiff, shall enter the default of the defendant, and immediately thereafter, if the complaint shall have been or shall then be properly verified, enter judgment for the amount specified in the summons, including the costs against the defendant or defendants, who are so in default."

"74. When a demurrer is decided, either in term time, or vacation, the court or judge shall immediately cause the decision thereof to be entered in the record, and may proceed to final judgment thereon in favor of the successful party, unless the unsuccessful party shall plead over or amend upon such terms as shall be just, and the court or judge may fix the time for pleading over and filing amended pleadings; and if the same be not filed within the time so fixed, judgment by default may be entered as in other cases. * * *"

These sections of the Code seem to imply that where a demurrer to a complaint is not filed in time, but is allowed to be filed out of time, and is then overruled, it is necessary to apply to the court for leave to file further pleadings, and that the granting of such leave is discretionary with the trial court. In the present case we think that it appears with sufficient certainty that leave to file an answer was denied because the trial court was satisfied by the previous action of the defendants that an opportunity to answer was sought merely for the purpose of delay. We have not been able to discover any defect in the complaint which furnished a fair pretext for the demurrer, and it is conceded that the objection taken to the affidavit was utterly groundless. So far as the record shows, the application for leave to answer was not accompanied by any showing, either oral or written, that the defendants had a meritorious defense, and, in the absence of such a showing, we cannot say that the court abused its discretionary powers in refusing leave to file an answer; much less that it committed a reversible error. When it is necessary to apply to a trial court for leave to file an answer to a complaint or declaration, we must concede to it the power to deny such leave, if it is satisfied that no real defense to the cause of action exists, and that the purpose of the application is merely to prolong the litigation. The judgment below is affirmed.