GREEN v. UNDERWOOD.

UNDERWOOD v. GREEN.

(Circuit Court of Appeals, Eighth Circuit. March 21, 1898.)

Nos. 1,000, 1,028.

1. ABATEMENT—PLEA OF LIS PENDENS.

In a court of chancery, where the rules of equity possess such flexibility as to permit the court to proceed, ex æquo et bono, to preserve the rights of the parties under certain contingencies, it will not, upon the plea of lis pendens, dismiss the suit in the federal court, but will simply postpone the hearing until the determination of the suit in the state court.

2. SAME.

A plea setting up the pendency of an earlier action between the same parties in a state court, and alleging that the question of liability of defendant to plaintiff by reason of the matters alleged in the complaint, and the extent thereof, are in issue in said cause, but not stating whether the suit is one at law or in equity, whether the relief sought is the same, nor what is the state of the pleadings, is defective in substance, and bad.

3. SAME.

As a plea of lis pendens is wholly technical, does not go to the merits of the cause, and is intended to stay the hand of justice in a court having jurisdiction over the parties and the subject-matter, the party interposing such a plea must bring himself within the strictest rules of correct pleading.

4. PLEADING—LIS PENDENS—DEMURRER—LEAVE TO PLEAD OVER—COLORADO.

Code Civ. Proc. Colo. § 55, makes the pendency of another suit a ground of demurrer, when the fact appears in the petition; and section 59 provides that, if the fact does not so appear, it may be raised by answer. Id. § 4, p. 73 (Sess. Laws 1889), provides that "when a demurrer is decided the court * * * may proceed to final judgment thereon in favor of the successful party unless the unsuccessful party shall plead over or amend on such terms as shall be just, and the court or judge may fix the time for pleading over and filing the amended pleadings, and if the same be not filed within the time so fixed, judgment by default may be entered as in other cases." *Held*, that the court, on sustaining a demurrer, is only authorized to proceed to final judgment thereon when the unsuccessful party declines or fails to plead over.

5. APPEAL AND ERROR—COUNTERCLAIM.

Where a dismissal of the original petition does not carry with it the counterclaim, the cross complainant, on failure of the other party to plead to his counterclaim, should ask for judgment as for want of an answer, and the court may refuse to order the cross defendant "to plead to his counterclaim."

6. SAME.

A writ of error is not the appropriate remedy where a court refuses to proceed to hear and determine a cause, and therefore does not lie from a refusal of the court to order a cross defendant to plead to a counterclaim.

In Error to the Circuit Court of the United States for the District of Colorado.

Clinton Reed (Willard Teller, on brief), for Willard R. Green.

D. V. Burns (Charles H. Toll, on brief), for Frank L. Underwood.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge.   The plaintiff in error in case No. 1,000 brought suit against the defendant in error to recover the sum of $22,500, with interest; representing the value of 450 shares of the capital stock of the Kansas City & Independence Rapid-Transit Railway Company, alleged to have been delivered and sold by the plaintiff in error to the defendant in error.   To this petition the defendant below made answer, tendering the general issue in the first count, and in the second count pleading the pendency of another suit, as follows:

"For a second defense, the defendant says that in a certain civil action, in which the plaintiff above named is plaintiff and this defendant is defendant, commenced in the district court of Arapahoe county, in the state of Colorado, long prior to the institution of this action, and now pending and undetermined in said court, the questions of the liability of this defendant to the plaintiff by reason of the matters alleged in the complaint, and the extent of such liability, are, and long prior to the commencement of this action were, in issue in said cause in said district court; that the issues joined therein are material issues in said cause; that said district court is a court of general jurisdiction, and has, and since long prior to the commencement of this action has had, full and complete jurisdiction in said cause therein pending, over the parties hereto, and of the questions of the liability of this defendant by reason of the matters alleged in the complaint herein, and the extent of any such liability."

The answer then set up a counterclaim in favor of the defendant against the plaintiff.   The plaintiff demurred to the second defense for the reasons following:

"That the matter alleged in said second defense does not state facts sufficient to abate the suit, or that are any defense to the action.   (2) Because the said answer does not sufficiently describe or state what the matters in said cause are.   (3) Because it does not appear that the matters in issue in this case are the only matters in issue in the former suit, or that all the matters in this cause are at issue in the former suit.   (4) Because it is not stated in said second defense that the former suit is between the same parties as the present suit, or who the parties to the said former suit are.   (5) Because the said second defense, as the same is pleaded, is uncertain and insufficient.   (6) Because the same is not sworn to."

The court took this demurrer under advisement, and afterwards overruled it and dismissed the suit, without more.   At the time the court took this action, neither of the counsel for the respective parties was in court.   The knowledge of this action by the court coming to plaintiff's counsel, he notified defendant's counsel that he would move the court to vacate the order and judgment entered in said cause, and for permission to reply to the defense pleaded in the answer.   Accordingly, on the next day plaintiff filed such motion in court; and, counsel for both parties appearing, the court heard said motion, and overruled it; and refused to permit plaintiff to reply to the answer.   Sixteen days thereafter the bill of exceptions recites that the "defendant moved the court for an order requiring the plaintiff to plead to his counterclaim herein within a time to be

fixed by the court, which motion the court denied, holding that the counterclaim followed the cause made by the complaint, and had been dismissed from this court, to which ruling the defendant at the time excepted." Both parties sued out writs of error to reverse the action of the court, and the two cases are submitted together.

No rule of practice is better settled than that in an action at law, in personam, pending in the United States court, the plea of lis pendens between the same parties in a suit brought in the state court is no bar to the prosecution of the action in the United States court. Crescent City Live-Stock Landing & Slaughter-House Co. v. Butchers' Union Live-Stock Landing & Slaughter-House Co., 12 Fed. 225; Stanton v. Embrey, 93 U. S. 554; Insurance Co. v. Brune, 96 U. S. 588; Gordon v. Gilfoil, 99 U. S. 178; Briggs v. Stroud, 58 Fed. 720; Holton v. Gwynn, 76 Fed. 97; Story, Eq. Pl. 741; Fost. Fed. Prac. § 129. This court has, in an equity proceeding, held that where there was pending in a state court, between the same parties, a proceeding in equity involving the same matters, such as the possession of specific real or personal property, or to quiet the title to real estate, in which it might become necessary to appoint a receiver pendente lite, or in which it might become necessary to grant an injunction, or to take some other preservative auxiliary action, the court which first acquires jurisdiction of the parties and the subject-matter ought to be permitted to proceed to final judgment. But even in a court of chancery, where the rules of equity possess such flexibility as to permit the court to proceed, ex aequo et bono, with large discretion, to preserve the rights of the parties, it will not, upon the plea of lis pendens, dismiss the suit in the federal court, but will simply postpone the hearing thereof until after the determination of the suit in the state court. Merritt v. Barge Co., 49 U. S. App. 85, 24 C. C. A. 530, and 79 Fed. 228; Zimmerman v. So Relle, 49 U. S. App. 387, 25 C. C. A. 518, and 80 Fed. 417. The reason of the rule at law is very elaborately discussed in Hatch v. Spofford, 22 Conn. 485. The plea therefore was bad in law. It was, moreover, defective in substance. Story, in his work on Equity Pleading (section 736 et seq.), says this plea is analogous to the plea at common law; that it should set forth with certainty the commencement of the former suit, its general nature and character, its object, and the relief prayed. "The plea should aver, and so the facts should be, that the second suit is for the same subject-matter as the first. And therefore a plea which did not expressly aver this, although it stated matter tending to show it, was considered as bad in point of form. It should state that the same issues are joined in the former suit as in the suit now before the court, and that the subject-matter is the same, and that the proceedings in the former suit were taken for the same purpose. The plea should also aver that there have been proceedings in the suit, such as an appearance, or process requiring appearance, at least." Instead of the plea in this case containing substantially these requisites, in the form of direct allegations, it pleads the facts inferentially, and states conclusions rather than facts. It does not state whether the suit in the state court is one at law or in equity. It does not state whether the relief sought is the same as in

this action, nor what is the state of the pleadings therein. It simply states that the plaintiff commenced an action in the district court of Arapahoe county, in the state of Colorado, prior to the institution of this suit, which is pending, and that the questions of liability of this defendant to the plaintiff by reason of the matters alleged in the complaint, and the extent thereof, are in issue in said cause. For aught that appears in these averments, the suit pending in the state court may have been a bill in equity, involving other issues and demanding other relief; and, if so, the plea was bad. Id. § 742; Hatch v. Spofford, 22 Conn. 490, 491; Blanchard v. Stone, 16 Vt. 234. As such a plea is wholly technical, and does not go to the merits of the cause, and is intended to stay the hand of justice in a court having jurisdiction over the parties and the subject-matter, it is but right and just that the party interposing such a plea should bring himself within the strictest rules of correct pleading. Thompson v. Lyon, 14 Cal. 39; 2 Estee, Pl. & Prac. § 3183. The defendant in error takes shelter under section 1011, Rev. St. U. S., which reads as follows:

"There shall be no reversal in the supreme court or in a circuit court upon a writ of error for error in ruling any plea in abatement other than a plea to the jurisdiction of the court."

This provision first appeared in the judiciary act of 1789. 1 Stat. 85. It has accordingly been held by the supreme court that the plea in question is in the nature of a plea in abatement, and therefore the error of the court in ruling thereon is not reviewable on writ of error. Piquignot v. Railroad Co., 16 How. 104; Stephens v. Bank, 111 U. S. 197, 4 Sup. Ct. 336, 337. In the event of further proceedings in this case, the plaintiff may safely rely upon the disposition of the circuit court to correct its own error in this respect.

The action of the court in proceeding to final judgment, and refusing to permit the plaintiff to plead over to the answer, is reviewable on writ of error. At common law the rule of practice was that, upon an issue of law arising on dilatory plea, the judgment, if for the plaintiff, was that the defendant answer over; and such judgment was designated as a "judgment of respondeat ouster." Not being a final judgment, the proceedings were resumed. Steph. Pl. 115; Bliss, Code Pl. § 303; Lambert v. Lagow, 1 Blackf. 388. "The judgment for the defendant on a plea in abatement, whether it be on an issue of fact or law, is that the writ be quashed, or, if temporary disability or privilege be pleaded, that the plaint remain without day until," etc. 1 Chit. Pl. 466. But the rule of practice in this respect is now regulated by code in the state of Colorado, as in many of the other states, which rule the federal court, sitting in the code states, follows, since the adoption of section 914, Rev. St. U. S. 1878. Under codes like that of Colorado, there is but one answer, in which the defendant may set up all the defenses he has, whether they be such as at common law were denominated pleas in abatement, or to the merits. He may not only conjoin in the answer matters in abatement with those to the merits, but where he relies upon both characters of defense he should so unite them. Code Civ. Proc. Colo. § 53; Bliss, Code Pl. § 343; 2 Estee, Pl. & Prac. §§ 3170–3183; Little v. Harring-

ton, 71 Mo. 390; Cohn v. Lehman, 93 Mo. 582, 6 S. W. 267.   Code Civ.
Proc. Colo. §§ 55, 59, classifies the pendency of another like suit be-
tween the parties among defenses.   The first-named section makes
this fact the ground of demurrer,—meaning, of course, where the
fact appears on the face of the petition,—while said section 59 pro-
vides that, if such fact does not appear on the face of the petition, it
may be raised by answer.   Section 65 of the Code provides that,
when the answer contains new matter constituting a defense, the
plaintiff may reply or demur to the same for insufficiency, and may
also demur to one or more of the defenses set up in the answer.   Sec-
tion 77 declares that:

"When the demurrer to the complaint is overruled and no answer filed, the
court may, upon terms, allow the answer to be filed.   If the demurrer to the
answer be overruled and there be no replication then filed, the court may, upon
terms, allow a replication to be filed."

This section as it appeared in the statute of 1883 was amended in
1889 as follows:

"When a demurrer is decided, either in term time or vacation, the court or
judge shall immediately cause the decision thereof to be entered in the record and
may proceed to final judgment thereon in favor of the successful party, unless
the unsuccessful party shall plead over or amend upon such terms as shall be
just, and the court or judge may fix the time for pleading over and filing the
amended pleadings, and if the same be not filed within the time so fixed, judg-
ment by default may be entered as in other cases."   Code Civ. Proc. Colo. p. 73,
§ 4 (Sess. Laws 1889).

Under this amendment, in force at the time of the proceedings herein
in the court below, the court on sustaining a demurrer is only author-
ized to proceed to final judgment thereon in favor of the demurrant
when the unsuccessful party declines or fails to plead over.   The clear
import of the term "unless" is a limitation of the duty or the right of
the court to proceed to final judgment when the unsuccessful party
shall make timely offer to plead over, as was done in this case.   To
such an offer, to take issue by reply to the new matter by way of de-
fense pleaded in the answer, the only condition the court can impose
is "such terms as shall be just."   The power of the court to prescribe
"terms" is neither arbitrary nor absolute, for the terms imposed must
be such as are "just."   This clear meaning of the statute renders inap-
plicable the ruling of the supreme court of California in Thornton v.
Borland, 12 Cal. 438.   In the first place the defendant there had
trifled with the administration of justice by interposing a demurrer to
a petition so palpably unobjectionable in its statement of the cause of
action as to satisfy the court that the defendant sought only to delay
the hearing of the case.   The court held that as under the California
Code the allowance of a plea over after a demurrer to the merits rested
in the discretion of the court, under like circumstances which char-
acterized the conduct of the defendant therein, it was not an abuse of
discretion to refuse leave to plead further, in the absence of a satis-
factory showing that the defendant had "a substantial defense on the
merits of the action."   The language of the Colorado practice act, then in
force, was, "the court may, upon such terms as shall be just and upon
payment of costs, allow the defendant to file an answer," which was

substantially the same as the Colorado statute prior to the amendment of 1889. The case under consideration is likewise distinguishable from that of Florence Oil & Refining Co. v. Interstate Nat. Bank, 40 U. S. App. 444, 22 C. C. A. 604, and 76 Fed. 888. In that case the defendant's conduct clearly indicated a purpose to trifle with the court, and to delay the case. In the first place, he interposed an objection to the affidavit to the petition, which was without merit. When this was overruled, he filed a demurrer to the petition, which was a simple action in the usual form on a promissory note. The demurrer was filed out of time, and, when it was overruled, the party, being in default with his answer, had to depend upon the indulgence of the court for leave to plead further out of time. In such case it was held that the discretion of the court in refusing to permit an answer in the absence of disclosing a meritorious defense was properly exercised. In the case at bar the demurrer was not frivolous, but, as we have shown, was well taken. Nor does the existing Code of Colorado authorize a judgment on the demurrer where the unsuccessful party makes a timely offer to reply, and has not refused to comply with the terms imposed by the court. The plaintiff certainly has the right to be heard upon the question of fact, as to whether such action is pending in another jurisdiction, and to have the final judgment of the court as to whether the defense is established with that certainty and exactness which the law demands, and what is the legal effect of such fact when established on the right of the plaintiff to prosecute his action in the United States circuit court. It is suggested by defendant in error that by requesting leave to plead over the plaintiff waived any objection to the sufficiency of the answer. It ought to be a sufficient answer to this suggestion that a party ought not to be visited with the consequences of a plea which the court would not permit him to make. It is true that, if the plaintiff had pleaded over to the answer, he would thereby have waived all objection thereto, except the objection that the same did not state facts sufficient to constitute any defense, "which objection may be raised at any time." Code Civ. Proc. § 60; 2 Estee, Pl. & Prac. § 3170; MacDougall v. Maguire, 35 Cal. 274. The court therefore erred in refusing leave to plaintiff to file reply, and in entering judgment on the demurrer.

The only remaining question for determination arises on the writ of error sued out by the defendant below. This is predicated on the action of the court, as now claimed by plaintiff on this writ of error, in refusing to proceed to the hearing of the counterclaim set up in the answer. His counsel misconceives the state of the record. All that the record discloses respecting this error is found in the recitation of the bill of exceptions set out in the foregoing statement of facts. The motion mentioned therein does not appear in the bill of exceptions. It is only recited in the bill of exceptions that the court refused to make "an order requiring the plaintiff to plead to his [defendant's] counterclaim herein within a time to be fixed by the court." If, as counsel contends, the dismissal of the petition did not carry with it the counterclaim, but left it pending as an independent cause of action, it was certainly an unprecedented proceeding on the part of the cross complainant to demand of the court an order on the cross defendant "to

plead to his counterclaim." The practice act prescribes the due course of proceeding where a party fails to plead. It is to move for judgment as for want of answer. Therefore the court properly declined to make the unwarranted order asked for. No matter what reason the court assigned for its refusal, if the refusal was right its action was not erroneous. But what is a more conclusive answer to the writ of error is, there was no final judgment entered by the court against the complainant to be reviewed on writ of error. Toland v. Sprague, 12 Pet. 331. It was rather the refusal of the court to proceed to judgment that the writ of error was demanded to correct. A writ of error is not the appropriate remedy where a court refuses to proceed to the hearing and determination of a cause. The only final judgment in this record is that complained of by plaintiff below, which is as follows:

"Wherefore it is considered by the court that this suit [i. e. the plaintiff's suit] be, and the same is hereby, dismissed out of this court, and that the defendant do have and recover of and from the plaintiff his costs by him in this behalf laid out and expended," etc.

The defendant below did not, and does not, complain of this judgment.

The writ of error, therefore, sued out by the defendant below, is dismissed, at his cost, and the judgment of the circuit court is reversed, at the cost of defendant in error, and the cause is remanded for further proceeding in conformity with this opinion.