PIERRE CLAUDE PIQUIGNOT, PLAINTIFF IN ERROR, *v.* THE PENNSYLVANIA RAILROAD COMPANY.

Under the twenty-second section of the Judiciary Act of 1789, this court cannot reverse the judgment of the court below, for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court.

In Pennsylvania it is not usual to make a record of the judgment in any legal form. But there is no necessity that the courts of the United States should follow such careless precedents.

Where a suit was brought in which the plaintiff was described as a citizen of France, against the Pennsylvania Railroad Company, without any averment that the defendants were a corporation under the laws of Pennsylvania, or that the place of business of the corporation was there, or that its corporators, managers, or directors were citizens of Pennsylvania, the absence of such an averment was fatal to the jurisdiction of the court.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Western District of Pennsylvania.

The facts in the case are stated in the opinion of the court.

It was submitted, upon printed arguments, by *Mr. Kennedy* and *Mr. Alden,* for the plaintiff in error, and *Mr. Snowden,* for the defendants in error. But as the point of jurisdiction was not mentioned in the arguments, which were directed exclusively to other points, it is not thought necessary to give them.

Mr. Justice GRIER delivered the opinion of the court.

The caption of this suit, and the declaration, describe the plaintiff as a citizen of France, but contain no averment as to the citizenship of the defendant. Nor does it state whether "The Pennsylvania Railroad Company" is a corporation or a private association, or the name of an individual. The declaration avers that the defendants are transporters of emigrants for hire, and undertook to convey the plaintiff and his wife from Philadelphia to Pittsburg, but did it in such a negligent and careless manner that his wife was frozen to death on her passage. The defendant pleaded in abatement, another action pending for the same cause of action between the same parties, in the District Court of Alleghany county. To this plea the plaintiff demurred; and the court gave "judgment upon the demurrer in favor of the defendants." Whereupon the plaintiff brought this writ of error.

The question raised by the plea in abatement, in this case, is one of considerable importance, and on which there is some conflict of opinion and decision, but the judgment of the court below on the plea is not subject to our revision on a writ of error.

The twenty-second section of the Judiciary Act, which defines what decrees or judgments in civil actions may be made the subjects of appeals or writ of error, provides, "that there shall be no reversal on such writ of error, for error in ruling any plea in abatement other than a plea to the jurisdiction of the court."

The question of jurisdiction has not been made the subject of plea or exception, nor is it necessary, where it is patent on the face of the record. The judgment of the court, so far as the record is concerned, does not distinctly show whether the court quashed the writ on the plea in abatement, or dismissed the suit for want of jurisdiction, as it might well have done. In Pennsylvania, it is not usual to make a record of the judgment in legal form. The word "judgment" for the party in whose favor it is, being the usual minute made by the clerk, from which a formal record of judgment may be made, but seldom or ever is made. It stands as a symbol to represent what the judgment ought to be, and therefore can never be erroneous. But there is no necessity that the courts of the United States should follow such careless precedents.

On a demurrer the court will look to the first error in pleading, and if the declaration does not show that the court has jurisdiction of the parties, it may dismiss the cause on that ground. In this case the declaration states the plaintiff to be a citizen of France, but gives no character as to the citizenship of the defendant. The name is most probably not intended to

designate an individual; if not, the record does not state that it is a corporation incorporated by the laws of Pennsylvania, or having its place of business there, or that its corporators, managers, or directors are citizens of Pennsylvania, nor can the want of such averment be supplied by inference from the name. It is true, the act of Congress describes the jurisdiction of the court to be "where an alien is a party," without describing the character of the other party; and the pleader may have been led into the error by looking no farther. But the constitution which is the superior law, defines the jurisdiction to be, "between citizens of a state, and foreign states, citizens, or subjects;" and, although it has been decided, (Mason *v.* The Blaireau, 2 Cranch, 264,) that the courts of the United States will entertain jurisdiction where all the parties are aliens if none of them object to it, yet it does not appear in this case that the defendant is an alien.

It follows, therefore, that whatever construction be put on this record, the judgment of the court below must be affirmed.

## *Order.*

This cause came on to be heard on the transcript of the record, from the Circuit Court of the United States for the Western District of Pennsylvania, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court, in this cause, be, and the same is hereby affirmed, with costs.