## STEPHENS *v.* MONONGAHELA BANK.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
WESTERN DISTRICT OF PENNSYLVANIA.

Argued March 17th, 1884.—Decided March 31st, 1884.

*Pleading—Usury.*

The defence of another action pending can only be set up by plea in abatement, and the action below upon the plea is not subject to review.    The dictum in *Piquignot* v. *Pennsylvania Railroad,* 16 How. 104, cited and approved.

The remedy given by Rev. Stat. § 5198 for the recovery of usurious interest paid to a national bank is exclusive.   *Barnet* v. *National Bank,* 98 U. S. 555 ; *Farmers' & Mechanics' Bank* v. *Dearing,* 91 U. S. 29 ; and *Driesbach* v. *National Bank,* 104 U. S. 52, cited and approved.

In an action by a national bank against a surety upon a note to recover the amount of the note, the surety has no right to have usurious interest paid by the principal in discounts and renewals of the note applied to the payment of the principal.

This suit was brought by the Monongahela National Bank of Brownsville, Pennsylvania, and judgment was given against Barzilla Stephens, the defendant, for want of a sufficient affidavit of defence.   The grounds of defence as set forth in the affidavit were :

1. That another suit was pending in the Court of Common Pleas of Green County, Pennsylvania, between the same parties for the same identical cause of action.

2. That the original of the note in suit was discounted and taken by the bank on the 27th of June, 1871 ; that the money advanced thereon at the time was only $8,434.65 ; that the loan was renewed by six subsequent notes, the last being the note in suit ; that upon such loan and each of the renewals the bank " knowingly took, received, reserved, and charged " usurious interest, amounting in the aggregate to $3,736.50 ; that the defendant is only surety for Israel Stephens, the maker of the note ; and that the defendant is entitled to set off the amount of the " interest so knowingly taken, received, reserved, and charged by the bank " " against the money loaned on the original of the note in suit."

3. That the bank had " knowingly taken, received, reserved,

and charged at various times discount and interest, in excess of the amount permitted by its fundamental law, on other loans to the principal debtor, amounting in the aggregate to $6,773.10, which was a proper set off against the claim in the suit.

4. That the paper on which the note sued on was written was signed in blank by the parties thereto when it was taken to the bank for the purpose of renewal; that no one had authority to fill the blanks for anything else than the exact amount due on the original note, after deducting all pay-ments, and that it was filled by an officer of the bank for the sum of $9,500, when, in view of the usury taken, less than $6,000 was due.

*Mr. P. A. Knox* and *Mr. C. E. Boyle* for plaintiff in error.

*Mr. George Shiras, Jr.,* for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court.

As to the first of these defences, it is sufficient to say that the plea of another action pending is a plea in abatement, Bac. Abr. Abatement M; Com. Dig. Abatement H, 24; 1 Chitty's Pl. 10, Am. Ed. 453; 3 id. 903, note *y*; and by § 1011 of the Rev. Stat. which is a re-enactment of a similar provision in the Judiciary Act of Sept. 24, 1789, c. 20, sec. 22, 1 Stat. 84, 85, it is expressly provided that there shall be no reversal in this court or the Circuit Court for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court. Under this statute, it was held in *Piquignot* v. *The Pennsylvania Railroad Company*, 16 How. 104, which came from the same district as this case, that the judgment of the Circuit Court, on precisely such a plea as that contemplated by this affidavit of defence, was "not subject to our revision on a writ of error." The defence is one which merely defeats the present proceeding, and does not conclude the plaintiff forever, either as to his right to sue in the Circuit Court of the United States, or as to the merits of the matter in dispute.

All the other defences are covered by the decision of this court in *Barnet* v. *National Bank*, 98 U. S. 555. The only

difference between that case and this is that there the defendant was the maker of the note who actually paid the usurious interest, and here the defendant is the surety of the maker. It is difficult to see how the surety stands, as to the question now presented, in any better position than his principal. The ground of that decision was, that as without the statute there could be no recovery from the bank for usurious interest actually paid, and as the statute which created the right to such a recovery also prescribed the remedy, that remedy was exclusive of all others for the enforcement of that right. *Farmers' & Mechanics' National Bank* v. *Dearing*, 91 U. S. 29. The surety has not any more than his principal the right to recover back the interest without the aid of a statute. Consequently, if his principal could not make this defence, he cannot. The forfeiture and the remedy are creatures of the same statute, and must stand or fall together.

The defence, as stated in the affidavit, is not that interest stipulated for has been included in the note, but that interest actually paid at the time of the discount and the several renewals should be applied to the discharge of the principal. In this particular, the case presents the same facts substantially as *Driesbach* v. *National Bank*, 104 U. S. 52. To entitle the defendant to such relief as was given in *Farmers' & Mechanics' Bank* v. *Dearing*, cited above, it should be made to appear by distinct averment that the note sued on includes interest stipulated for and not paid, as well as principal. That has not been done is this case.

*Judgment affirmed.*