CUNNINGHAM v. RODGERS, Consul General.

(Circuit Court of Appeals, Ninth Circuit. August 2, 1909.)

No. 1,603.

1. EXECUTORS AND ADMINISTRATORS (§ 443*)—ACTION BY ADMINISTRATOR—PLEADING—NUL TIEL ADMINISTRATOR.

In an action by plaintiff as an administrator, an objection that plaintiff was not and never had been administrator of the effects of deceased, may be taken by a special plea in bar or by plea in abatement.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1838; Dec. Dig. § 443.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 102*)—JUDGMENTS APPEALABLE—OVERRULING DE-MURRER.

A judgment overruling a demurrer to a plea in abatement without further order or judgment, in the cause, is not subject to review under Rev. St. § 1011 (U. S. Comp. St. 1901, p. 715), declaring that there shall be no reversal on a writ of error for error in ruling on a plea in abatement, other than a plea to the jurisdiction of the court or for an error in fact.

[Ed. Note.—For other cases, see Appeal and Error, .Cent. Dig. § 688; Dec. Dig. § 102.*]

3. COURTS (§ 405*)—JUDGMENTS APPEALABLE—PLEA IN ABATEMENT.

A judgment of the United States Court for China, overruling a demurrer to a plea in abatement, was not a final judgment, and therefore not reviewable by the Circuit Court of Appeals under Act Cong. June 30, 1906, c. 3934, § 3, 34 Stat. 815 (U. S. Comp. St. Supp. 1907, p. 798), creating such court and declaring that appeals shall lie from its final judgments or decrees to the United States Circuit Court of Appeals for the Ninth Judicial Circuit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1100; Dec. Dig. § 405.*]

4. APPEAL AND ERROR (§ 4*)—ACTION AT LAW—MOTIVE—REVIEW.

An action on the bond of a United States Consul General for alleged neglect of office is an action at law reviewable on writ of error and not by appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 10; Dec. Dig. § 4.*]

Appeal from the United States Court for China.

George F. Curtis, for appellant.

A. Bassett, U. S. Atty. for Shanghai, China, Robert T. Devlin, U. S. Atty. for Northern District of California, and George Clark, Asst. U. S. Atty., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. The appellant, alleging himself to be of Rockland, county of Knox, in the state of Maine, administrator of the estate of Henry H. Cunningham, of Belfast, Me., brought suit in the United States Court for China at Shanghai against the appellee as Consul General at Shanghai, China, to recover the sum of $8,000 on the official bond of appellee as Consul General, and the further sum of $50,165.85 from the appellee personally.

For cause of action the appellant alleged: That Henry H. Cunningham died intestate at Shanghai, China, on the 10th day of June, 1905, possessed of a valuable estate, but leaving no relatives or legal representatives within the consular district of Shanghai, China; that the appellant had not faithfully discharged the duties of Consul General according to law, but had neglected and omitted to perform the duties imposed upon him by law, and the orders and instructions made and given in pursuance of law; that he had been guilty of neglect in his office, and the condition of the bond was broken, and the penalty thereof became due and payable in accordance with the tenor thereof; that in violation of sections 1709, 1710, and 1711 of the Revised Statutes of the United States (U. S. Comp. St. 1901, pp. 1179, 1180), and the Consular Regulations of the United States, the appellee did not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

take possession of the estate left by the said Henry H. Cunningham, but permitted one Edward H. Dunning, a citizen of the state of Delaware then residing at Shanghai, China, to take possession of the estate under the guise of an executor of the estate of said Henry H. Cunningham, and did without authority of law, and in violation of the Revised Statutes of the United States, hold an alleged probate court proceedings, and under the guise of said alleged probate court proceedings did go through the form of admitting to probate an alleged paper writing purporting to be the last will and testament of said Henry H. Cunningham. The petition alleges, in substance, that the appellee made an unauthorized and illegal distribution of the estate of Henry H. Cunningham, deceased.

To this complaint the appellee interposed a plea in abatement denying that the appellant was then or ever had been administrator of the effects in China of the said Henry H. Cunningham, and prayed that the petition be dismissed. To an action by a plaintiff as an administrator, an objection that the plaintiff was not and never had been administrator of the effects of the deceased may be taken by a special plea in bar. The objection may also be taken by a plea in abatement, as was done in this case. Noonan v. Bradley, 9 Wall. 394, 401, 19 L. Ed. 757. To the plea in abatement appellant demurred, and upon the issue thus joined the court rendered an opinion entitled in the record a "judgment" sustaining the plea in abatement, but making no further order or judgment in the case. The action of the court upon the plea is not subject to review. Section 1011, Rev. St. (U. S. Comp. St. 1901, p. 715); Piquignot v. Pennsylvania Railroad Co., 57 U. S. 104, 14 L. Ed. 863; Stephens v. Monongahela Bank, 111 U. S. 197, 4 Sup. Ct. 336, 28 L. Ed. 399.

Furthermore, section 3 of the act of June 30, 1906, c. 3934, 34 Stat. 815 (U. S. Comp. St. Supp. 1907, p. 798), creating the United States Court for China, provides as follows:

"That appeals shall lie from all final judgments or decrees from said court, to the United States Circuit Court of Appeals for the Ninth Judicial Circuit."

As the appeal in this case was not from the final judgment, it cannot be entertained. If the plea be treated as a demurrer to the petition and the decision of the court as an order sustaining the demurrer, the same result follows. There was no final judgment in the case.

There is the further objection to the appeal that the action was at law, and the case could only have been brought to this court upon writ of error. Toeg v. Suffert (C. C. A.) 167 Fed. 125.

The appeal is, accordingly, dismissed.