MARINETTE SAWMILL CO. v. SCOFIELD.

(Circuit Court of Appeals, Seventh Circuit. October 5, 1909. Petition for Rehearing Overruled November 20, 1909.)

No. 1,591.

1. APPEAL AND ERROR (§ 544*)—REVIEW—ACTION TRIED TO COURT.

On writ of error to review a judgment of a Circuit Court in an action tried by stipulation to the court without a jury, as provided by Rev. St. §§ 649, 700 (U. S. Comp. St. 1901, pp. 525, 570), where there was a general finding, in the absence of a bill of exceptions, the record presents only the question whether the pleadings support the finding and judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2426; Dec. Dig. § 544.*]

2. COURTS (§ 356*)—FEDERAL COURTS—DECISIONS REVIEWABLE—RULING ON PLEA IN ABATEMENT.

An answer in an action on a judgment in a federal court, setting up a parol agreement between the parties that in consideration of defendant's consent to the taking of the judgment, plaintiff should take no steps for its enforcement until the termination of another suit which is still pending, is in effect a plea in abatement under the Wisconsin practice, and under Rev. St. § 1011 (U. S. Comp. St. 1901, p. 715), providing that there shall be no reversal for error in ruling any plea in abatement, a judgment sustaining such defense and dismissing the action is not reviewable by the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*

Orders, decrees and judgments reviewable in Circuit Court of Appeals, see notes to Salmon v. Mills, 13 C. C. A. 374; Taylor v. Breese, 90 C. C. A. 566.]

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

Action by the Marinette Sawmill Company against Edward Scofield. Judgment for defendant, and plaintiff brings error. Writ of error dismissed.

Plaintiff in error, which was plaintiff below, a corporation and citizen of the state of Illinois, seeks a reversal of a judgment of the Circuit Court adjudging that plaintiff's suit be abated as having been prematurely brought, and awarding execution for costs to defendant, a citizen of Wisconsin, and an inhabitant of the Eastern district of Wisconsin. The cause is before the court upon the pleadings, a general finding, and the judgment; there being no bill of exceptions.

It is alleged in the complaint that on January 5, 1893, plaintiff recovered judgment against the defendant for $12,113.25 damages, together with its costs amounting to $38.10 in the circuit court for the county of Cook and state of Illinois; that theretofore, and on or about June 15, 1892, defendant in error had filed a bill in said last-named court against plaintiff and others, and on January 6, 1893, obtained an injunction restraining plaintiff from proceeding further with said judgment and from assigning the same until after said equity suit was finally disposed of, which injunctional order remained in full

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

force up to March 17, 1908, at which date said bill was dismissed for want of equity and said injunctional order vacated; that afterwards, and on August 4, 1904, said judgment was duly revived and constitutes the cause of action herein. Judgment for $12,151.35, principal, together with interest and costs, is asked.

To this complaint demurrer was filed and overruled. Thereupon defendant made answer that on or about January 5, 1893, the "plaintiff and defendant, in consideration of said defendant allowing the said plaintiff to recover said judgment in said United States Circuit Court without in any manner contesting the same, entered into parol agreement wherein and whereby the said plaintiff. Marinette Sawmill Company, agreed that it would not levy execution against said defendant, Edward Scofield, upon the said judgment obtained on the said 5th day of January, 1893, in the said Circuit Court of the United States, or against the property and effects of said Scofield, and that said plaintiff, Marinette Sawmill Company, would not assign said judgment, or in any manner dispose of the same, and would not commence any suit at law or in equity upon said judgment either in the state of Illinois, or any other of the United States, until the final disposition of said suit for an accounting," meaning the said suit in equity instituted on June 15, 1892. The answer further alleged "that said action in said circuit court of Cook county has not been finally disposed of, and that an appeal has been taken and allowed from the said circuit court of Cook county to the Appellate Court of Illinois for the First District in said action."

On hearing had the Circuit Court ordered the suit abated. Motions for a new trial and for judgment for plaintiff notwithstanding the court's finding were successively made, overruled, and ruling excepted to by plaintiff. The errors assigned are: That the court erred in entering judgment for defendant and in not entering judgment for plaintiff; that neither the pleadings nor the facts are sufficient to support the judgment; that the court erred in denying plaintiff's motion to exclude all evidence under the answer, and in permitting evidence to be introduced as to the oral agreement not to take any steps to enforce the judgment as above stated; that the court erred in not granting a new trial, and in not giving judgment in favor of plaintiff, notwithstanding its findings.

Herbert Pope, for plaintiff in error.

Fred C. Ellis, for defendant in error.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). In the absence of any bill of exceptions, it may be assumed that the agreement set up in the answer is established. The circuit judge in his opinion says:

"Here an agreement is relied upon whereby, upon a meritorious consideration, it was stipulated that no suit should be brought upon the judgment in the federal court at Chicago until the happening of a given event."

The record properly presented the question as to whether the pleadings support the finding and judgment of the court below. Slacum v. Pomery, 6 Cranch, 221, 3 L. Ed. 205; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 181, 37 L. Ed. 373; World's Columbian Exposition Co. v. Republic of France, 91 Fed. 64, 33 C. C. A. 333; Streeter v. Sanitary District, 133 Fed. 124, 66 C. C. A. 190.

Section 1011 of the Revised Statutes (U. S. Comp. St. 1901, p. 715) reads:

"There shall be no reversal in the Supreme Court or in a Circuit Court upon a writ of error, for error in ruling any plea in abatement other than a plea to the jurisdiction of the court, or for any error in fact."

Plaintiff in error contends that the answer aforesaid did not constitute a plea in abatement, either in form or in substance. The strict rule of the common law in regard to the form of pleas in abatement does not prevail under the Wisconsin code practice. In Raymond v. City of Sheboygan, 70 Wis. 318, 35 N. W. 540, the court says:

"Under the Code the defendant may unite in the same answer a defense which was formerly a plea in abatement, and one which was a plea in bar, and we suppose a plea in abatement or an answer in the nature of such a plea must be liberally construed with a view to substantial justice, like any other pleading."

We therefore conclude that as to matter and form the question of abatement is properly before the court. Roberts v. Lewis, 144 U. S. 656, 12 Sup. Ct. 781, 36 L. Ed. 579. Whether this court may review the pleadings for the purpose of ascertaining the sufficiency of the plea was before the Court of Appeals for the Eighth Circuit in Green v. Underwood, 86 Fed. 427, 30 C. C. A. 162. A plea in abatement was filed setting up another suit pending in a state court. Demurrer to the plea was filed and overruled, and the suit was dismissed. On appeal the plea was pronounced bad in law and in substance, but the upper court held the action of the lower court unreviewable on writ of error, citing Piquignot v. Railroad Co., 16 How. 104, 14 L. Ed. 863, and Stephens v. Bank, 111 U. S. 197, 4 Sup. Ct. 336, 28 L. Ed. 399. In Barnsdall v. Waltemeyer, 142 Fed. 418, 73 C. C. A. 515, the same court holds that, even though the Circuit Court may have erred in deciding that the facts did not constitute a good plea in abatement, that was a ruling upon a plea in abatement, and as such it could not be reviewed. So far as the courts have passed directly upon the question, the rule laid down in the foregoing cases is sustained.

Plaintiff in error cites a number of authorities to show that an oral agreement not to sue for a limited time upon a judgment cannot be set up by plea in abatement in an action at law upon the judgment, brought before the expiration of the time named in the agreement, and that the remedy, if any, is by suit for breach of contract not to sue, or by injunction. These cases hold unequivocally that an independent collateral contract not to sue for a limited time or until the happening of a stated event may not be pleaded in abatement. Gibson v. Gibson, 15 Mass. 106, 8 Am. Dec. 94; Reed v. Stoddard, 100 Mass. 425; Newkirk v. Neild, 19 Ind. 194, 81 Am. Dec. 383; Nelson v. White, 61 Ind. 139; Williams v. Scott, 83 Ind. 405; Millett v. Hayford, 1 Wis. 411; Guard et al. v. Whiteside, 13 Ill. 7.

There is, however, authority for a more liberal application of the plea in abatement. In Culver v. Johnson, 90 Ill. 91, it is held that, "when an action is prematurely brought because of an agreement to extend the time of payment which has not elapsed, it is matter for abatement only * * *"—citing Archibald v. Argall, 53 Ill. 307. In the former case the agreement to extend was made after the maturity of the note. In Moore v. Sargent, 112 Ind. 484, 14 N. E. 466, an agreement to extend time of payment of note was held, in an action to foreclose a mortgage, to be proper matter for plea in abatement. In Millett v. Hayford, 1 Wis. 401, the court held that an agreement to

extend time of payment of two notes was properly taken advantage of by plea in abatement. The contract set up herein shows the promise of extension of time to have been based upon and coincident with defendant in error's consent that judgment should be entered against him without contest on his part. Here is not a mere case of independent agreement. So far as an oral undertaking may enter into a judgment as between the same parties, this provision should be enforced. Franklin Savings Institution v. Reed, 125 Mass. 365. The lower court dealt with the defense as in abatement. Under the authorities that was a ruling upon a plea in abatement, and therefore not reviewable.

The writ of error is therefore dismissed.

NOTE.—The following is the opinion of Quarles, District Judge, in the court below:

QUARLES, District Judge. This is a motion for leave to reargue the plea in abatement which some time since was sustained by the court. Objection is made that the court is powerless to entertain the motion, because the same was not made within two days after the decision of the court, as required by rule 22. This objection is not sound. Rule 22 is not intended to impose a restriction upon the power of the court to grant a reargument in a case that has been heard by the court without a jury. It appearing that no appeal lies from an order sustaining a plea in abatement, I have been solicitous to ascertain whether my original conclusion was just. I have examined the authorities cited in the elaborate briefs of counsel, and have carefully reviewed the arguments. For lack of time I cannot prepare an elaborate opinion, but must content myself with a short statement of the reasons why I feel constrained to adhere to the views orally expressed in disposing of this plea on a former hearing. Personally I would be glad to open a way to an appeal, but I cannot see my way clear to change the conclusions originally reached.

The proposition laid down by the plaintiff in argument is too broad, and would lead to conclusions that are untenable. The suggestion that, because under certain circumstances a bill in equity would lie to grant the desired result, therefore under no circumstances could the matter be pleaded in an action at law, is unsound. The fact that an equitable action would lie to vacate an instrument for fraud would not prevent the defendant from setting up the fraud as a bar to an action at law brought upon such instrument. The principles of pleading involved in this case are simple and not difficult of application. Neither has there been any change in the application of the rule since the time of Chitty. If any reason exists why a suit at law ought not presently to be brought, such facts may be brought to the attention of the court, without necessarily calling in question the merits of the cause of action. If such facts are from their nature justiciable in a court at law, they may be suggested by a plea in abatement in the legal action. If, on the other hand, they involve considerations peculiarly within the jurisdiction of a court of equity, a resort to the equitable side of the court may be necessary. When, as here, the objection is predicated upon a simple agreement, there is no reason why the parties should be driven to resort to the chancery side of the court. Here an agreement is relied upon whereby, upon a meritorious consideration, it was stipulated that no suit should be brought upon the judgment in the federal court at Chicago until the happening of a given event. When, contrary to the spirit and letter of such stipulation, a suit at law is brought upon such judgment, I can see no reason why a plea in abatement is not sufficient to raise the contention.

There is no merit in the suggestion that the Supreme Court of Wisconsin in the case cited has invoked a modern and different application of these simple rules. Mr. Justice Marshall bases his opinion upon a paragraph quoted from Chitty on Pleading and upon other early authorities. I have examined with some care the two cases cited by plaintiff which were supposed to rule in this case. It is true that the case of Moore v. Barclay, 16 Ala. 158, involved

a question whether a judgment that had been entered by confession could be enforced, notwithstanding an oral agreement that no execution should issue except upon the happening of a certain event. Without entering into the details, the facts suggested to the court were complicated and of such a nature that it was impossible for a court of law to render any judgment thereon, as is expressly stated in the opinion. The rights and equities of the respective parties were such that a resort to chancery was absolutely necessary. The reasoning of the court clearly indicates that, if it had been an action at law to sue the judgment over, a suitable legal defense might have been interposed. The case of Walker v. Kendall, 3 Ky. 312, when carefully studied, throws no light upon this controversy. It is true that it arose in a case where a suit was brought to sue over a former judgment; but no sufficient plea in abatement was interposed. The plea that was entered by the executor was plene administravit, which at law is a well-known plea in bar. Interjected into this plea, however, was an allegation that the defendant was induced to allow the judgment to be entered by a promise that it should not be enforced until the happening of a certain event. The plea was objected to as being double. It was ruled as a plea in bar, as, indeed, it must have been. The averments which might well have been framed into a plea in abatement were merged in the plea in bar, and lost their identity and were of no avail.

I also adhere to the former ruling on the second proposition. The oral agreement relied upon was broad and explicit in its terms. In order to secure the injunction, it was necessary only to interpose by way of stipulation a portion of such original agreement. It was not intended to supersede the original engagement, but merely to carry the same out pro tanto. I do not feel at liberty to ignore so much of the oral understanding as it became unnecessary to frame in the written stipulation.

For these reasons the motion for reargument will be denied.