## BUCK STOVE AND RANGE CO. *v.* VICKERS.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 10.    Argued December 19, 1911.—Decided December 2, 1912.

Rev. Stat., § 1011, providing that there shall be no reversal in this court upon a writ of error for error in ruling on any plea of abatement other than one to the jurisdiction of the court, does not apply to writs of error to state courts but only to lower Federal courts.

The subdivision and rearrangement of § 22 of the Judiciary Act of 1789 in the Revised Statutes of 1873 did not work any change in the purpose and meaning of the original act.

The statute of Kansas of 1905, requiring certain classes of foreign corporations to file statements is an invalid restriction and burden and unconstitutional as to foreign corporations engaged in interstate commerce, under the commerce clause of the Federal Constitution. *International Textbook Company* v. *Pigg*, 217 U. S. 91.

80 Kansas, 29, reversed.

THE facts, which involve the application of § 1011, Rev. Stat., to writs of error to state courts and also the constitutionality of a statute of Kansas affecting the right

of· corporations of other States to do business in Kansas, ·
are stated in the opinion. .

*Mr. Seneca N. Taylor* and *Mr. Malcolm B. Nicholson,*
with whom *Mr. William J. Pirtle* was on the brief, for
plaintiffs in error:

There is no misjoinder of plaintiffs in error. *Kansas
City* v. *King,* 65 Kansas, 65.

Plaintiffs in error having been engaged exclusively in
interstate commerce, the application of the corporation
laws of Kansas to them is repugnant to the interstate com- ·
merce clause of the Constitution of the United States,
and such application cannot lawfully be made. *Cooper
Mfg. Co.* v. *Ferguson and Harrison,* 113 U. S. 727.

Plaintiffs in error were entitled to bring and maintain
these suits in the courts of the State of Kansas upon the
same terms and upon the same footing as an individual
citizen of the States of their creation, and of which these
corporations were citizens, under § 2, Art. IV of the Con-
stitution of the United States. 133 U. S. 107.

The manner of these people in dealing with the citizens  ·
of Kansas is interstate commerce. *Stockard* v. *Morgan,*
185 U. S. 27; *Brown* v. *Maryland,* 12 Wheat. 419; *Welton*
v. *Missouri,*. 91 U. S. 275; *Robbins* v. *Shelby County Tax-
ing Dist.,* 120 U. S. 489; 1 I. C. C. Rep. 45.

State statutes requiring foreign corporations to comply
with certain conditions before doing business in the State
have frequently been held inapplicable to a foreign cor-
poration whose only business in the State is selling through
traveling agents and delivering goods manufactured out-
side of the State, since any other construction of the
statute would render it void as an interference with
interstate commerce. *Havens & G. Co.* v.. *Diamond,* 93
Ill. App. 557; *Coit & Co.* v. *Sutton,* 102 Michigan, 324;
25 L. R. A. 819; 4 I. C. C. Rep. 768; *Toledo Com. Co.*
v. *Glen Mfg. Co.,* 55 Oh. St. 217;· *Mearshon* v. *Pottsville*

*Lumber Co.,* 187 Pac. Rep. 12; *Bateman* v. *Western Star Mill Co.,* 1 Tex. Civ. App. 90; 4 I. C. C. Rep. 260; 20 S. W. Rep. 931; *Davis & R. Bldg. & Mfg. Co.* v. *Dix,* 64 Fed. Rep. 406; *Woessner* v. *Cottam & Co.,* 19 Tex. Civ. App. 611; also *City of Ft. Scott* v. *Pelton,* 39 Kansas, 764; and see *New Orleans Gas Light Co.* v. *Louisiana Light & H. P. & Mfg. Co.,* 115 U. S. 650.

Plaintiffs in error had a vested right to maintain and prosecute the suits to judgment.

The judgments upon which these suits were founded were obtained in November, 1895, and these suits were commenced June 13, 1896. Chapter 10 of the laws passed by the special session, 1898, became effective on January 11, 1899, two years and six months after these suits were commenced.

Before the passage of that law the courts of the State were open to all corporations alike, foreign and domestic, and no restrictions of any kind placed upon foreign corporations to come into the courts of the State of Kansas and seek their remedy against any of its citizens.

It is not within the power of the legislature to deprive these plaintiffs of the remedy by casting a pecuniary burden upon them.

Plaintiffs in error, having commenced the suits long prior to the enactment of the law in question, had a vested right to maintain such suits and prosecute them to judgment, and were protected in such right by § 10, Art. I, of the Constitution of the United States, prohibiting the States from passing any law impairing the obligation of contracts. This court has repeatedly decided that the remedy is a part of the contract, and any legislative act that deprives a party of a remedy is repugnant to the provisions of said § 10. *Osborn* v. *Nicholson,* 13 Wall. 654; *Fitzgerald* v. *Weidenbeck,* 76 Fed. Rep. 695; *Martindale* v. *Moore,* 3 Blackf. (Ind.) 275; *Root* v. *Sweeney,* 12 S. Dak. 43; *S. C.,* 80 N. W. Rep. 149; also see *Elston* v.

*Piggott,* 94 Indiana, 14; *Maguiar* v. *Henry,* 84 Kentucky, 1; 7 Ky. L. Rep. 695; 4 Am. St. Rep. 182; and *Yeatman* v. *Day,* 79 Kentucky, 186; 8 Cyc. 932; *Williams* v. *Bruffy,* 96 U. S. 176; *Westerly Waterworks* v. *Westerly,* 75 Fed. Rep. 181.

In this respect corporations are no different from individuals. *Norfolk & Western R. R. Co.* v. *Pennsylvania,* 136 U. S. 114; *Missouri Railway Co.* v. *Patrick,* 127 U. S. 205; *Santa Clara County* v. *Pennsylvania,* 125 U. S. 181.

The Kansas courts construed the law in this case as retrospective, which is contrary to all rules of construction in respect to laws not specifically stating that they are retrospective. *Auffm'ordt* v. *Rasin,* 102 U. S. 623; *Gunn* v. *Barry,* 15 Wall. 624; *Bartruff* v. *Remey,* 15 Iowa, 257.

*Mr. Stephen H. Allen,* with whom *Mr. Robert Stone* was on the brief, for defendants in error:

There are no assignments of error which the court can consider.

The only decision of the Supreme Court of Kansas presented by the record is its ruling on a plea in abatement, which this court is denied the power to review or reverse. Section 1011, Rev. Stat., U. S.

There was no decision on the merits of this case adverse to the plaintiffs in error. Their suit was abated and dismissed. 1 Enc. of Pl. & Pr. 1.

Plaintiff's cause of action is not taken away, but may be asserted in any other court having jurisdiction, or in the same court after compliance with the law. *State* v. *Book Co.,* 69 Kansas, 1; *Hamilton* v. *Reeves & Co.,* 69 Kansas, 844; *Ryan Live-Stock & F. Co.* v. *Kelly,* 71 Kansas, 874.

The construction given to the statute in the foregoing cases has been steadily adhered to and is the settled law of the State. *Vickers* v. *Buck,* 70 Kansas, 584, 586; § 395, Code of Civ. Pro. of Kansas, Ch. 95, Gen. Stat. of 1909.

A judgment or decree to be final, within the meaning of that term as used in the act of .Congress giving this court jurisdiction on appeals and writs of error, must terminate the litigation between the parties on the merits. *Bostwick* v. *Brinkerhoff,* 106 U. S. 3; *Grant* v. *Phœnix Ins. Co.,* 106 U. S. 429; *Benjamin* v. *Dubois,* 118 U. S. 46; *Harrington* v. *Holler,* 111 U. S. 796; *Railroad Co.* v. *Wiswall,* 23 Wall. 507; *Glencoe Granite Co.* v. *City Trust, S. D. & S. Co.,* 55 C. C. A. 212.

The prohibition to sue in the courts of the State has no application to the Federal courts sitting within the State. *Blodgett* v. *Lanyon Zinc Co.,* 120 Fed. Rep. 893.

This court has always recognized and enforced the limitation placed on its power by § 1011, no matter how important or meritorious the claim of error might appear. *Robertson* v. *Coulter,* 16 How. 106; *Stephens* v. *Monongahela Bank,* 111 U. S. 197. *International Textbook Co.* v. *Pigg,* 217 U. S. 91, in which the constitutionality of the statute under which this case was dismissed was considered, is not an authority on the point now under consideration, because it was not raised or discussed.

A judgment for the costs which had accrued in the fruitless action does not amount to a final judgment which will support the jurisdiction of this court. *Trustees* v. *Greenough,* 105 U. S. 527; *Bostwick* v. *Brinkerhoff,* 106 U. S. 3; 13 Am. & Eng. Ency. of Law, 34.

No Federal question is presented as to any plaintiff in error.

The terms on which a foreign corporation may exercise corporate powers within any State may be fixed by such State in its discretion and without being subject to any supervision or control by Federal authority The statute under consideration, as construed by the Supreme Court of the State, does not render contracts made by foreign corporations with citizens of the State void, where the corporation fails to comply with the law, nor does it ab-

solutely deny a remedy in the courts of the State. *Jordan* v. *Telegraph Co.*, 69 Kansas, 140. The facts in which the decision of the Supreme Court of Kansas was based are not open to question in this court. *Chapman & Dewey Land Co.* v. *Bigelow*, 206 U. S. 41; *Thayer* v. *Spratt*, 189 U. S. 346; *Gleason* v. *White*, 109 U. S. 854; *Israel* v. *Arthur*, 152 U. S. 355; *Eau Claire Natl. Bank* v. *Jackman*, 204 U. S. 522; *Dower* v. *Richards*, 151 U. S. 658.

The scope and meaning of a state statute, as determined by the highest court of the State, conclude this court in determining on writ of error to the state court whether or not such statute violates the Federal Constitution. *Smiley* v. *Kansas*, 196 U. S. 447; *National Cotton Oil Co.* v. *Texas*, 197 U. S. 115; *Tampa Waterworks Co.* v. *Tampa*, 199 U. S. 241; *Paul* v. *Virginia*, 8 Wall. 168; *Ducat* v. *Chicago*, 10 Wall. 410; *Horn Silver Mining Co* v. *State of New York*, 143 U. S. 305.

The question here presented is as to the right of a foreign corporation to prosecute an action for a tort in a court of the State of Kansas. That right has been denied, and the reason for its denial is that the plaintiffs have refused to comply with a police requirement now almost universally found in the legislation of the States. Interstate commerce is not primarily or secondarily affected by the decision under consideration.

A corporation is not a citizen within the meaning of the privilege and immunity provision. *Pembina Mining Co.* v. *Pennsylvania*, 125 U. S. 181; *Blake* v. *McClung,* 172 U. S. 239.

The right of a foreign corporation to exercise its corporate powers within a State other than that of its creation depends solely upon the will of such other State. *Waters-Pierce Oil Co.* v. *Texas;* 177 U. S. 28; *Same* v. *Texas*, 212 U. S. 112; *People* v. *Roberts*, 171 U. S. 658.

As to the merits, the legislature of Kansas has power to exclude a foreign corporation from using its courts for the

enforcement of claims which do not arise out of interstate commerce, or of any contract with or obligation to the United States; or act or duty under its authority. *Paul v. Virginia,* 8 Wall. 168; *Ducat v. Chicago,* 10 Wall. 410; *Horn Silver Mining Co. v. New York,* 143 U. S. 305; *Hooper v. California,* 155 U. S. 648; *Norfolk & Western Railroad v. Pennsylvania* 136 U. S. 114, 118.

*Western Union Tel. Co. v. Kansas,* 216 U. S. 1, and *Pullman Co. v. Kansas,* 216 U. S. 56, involved questions widely different from that presented in the case now before the court, for here there is neither a question of taxation of acquired property rights, or of exclusion from the transaction of business.

The statute has no special reference to commerce, much less to interstate commerce. It was not passed to regulate commerce, but to make certain information as to the affairs of corporations available to the citizens. The penalty imposed for failure to furnish that information is a temporary suspension of the right to exercise, not all, but one corporate function, that of suing in a court of the State, during the period of delinquency. The act deals exclusively with the exercise of corporate powers, a subject over which the power of the legislature is absolute. *Osborne v. Florida,* 164 U. S. 650; *Pullman Co. v. Adams,* 189 U. S. 420; *Allen v. Pullman Palace Car Co.,* 191 U. S. 171; *Waters-Pierce Oil Co. v. Texas,* 177 U. S. 28; *People v. Roberts,* 171 U. S. 658; *Security Mutual Life Ins. Co. v. Prewitt,* 202 U. S. 246, 257.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

By suits begun in the District Court of Morris County, Kansas, and consolidated for purposes of trial and judgment, seven judgment creditors of one Vickers sought to set aside, as fraudulent, a conveyance by him and to

subject the land included therein to the satisfaction of their several judgments. The plaintiffs were corporations organized under the laws of States other than Kansas, and four of them were doing a purely interstate business in that State, but without complying with its laws presently to be mentioned. The defendants set up this non-compliance by an answer in the nature of a plea in abatement, and the court sustained the plea and dismissed the suits as to the four plaintiffs. As to the other three plaintiffs, relief was denied for other reasons, which need not be stated. The judgment was affirmed by the Supreme Court of the State, against the contention that the laws of Kansas under which the plea in abatement was sustained are violative of the commerce clause of the Constitution of the United States, 80 Kansas, 29, and then the case was brought here.

Some minor questions of appellate practice were urged upon our attention, but their statement and consideration have become unnecessary through the concession of counsel for plaintiffs in error, made during the oral argument and acted upon at the time, that the writ of error might be dismissed as to the Aultman and Miller Buckeye Co., the Consolidated Steel and Wire Co., and the Galveston Rope Co. Therefore, attention need be given only to the ruling upon the plea in abatement.

Our power to review this ruling is challenged, because of the statutory provision that there shall be no reversal in this court upon a writ of error "for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court." Rev. Stat., § 1011. This provision has been part of the judiciary acts from the beginning, and often has been applied upon writs of error to the circuit and district courts, but never to a case coming here from a state court. *Piquignot* v. *Pennsylvania Railroad Co.*, 16 How. 104, and *Stephens* v. *Monongahela Bank*, 111 U. S. 197, illustrate its application in cases brought here from

circuit courts, and *International Textbook Co.* v. *Pigg*, 217 U. S. 91, and *International Textbook Co.* v. *Lynch*, 218 U. S. 664, are cases in which it was not applied upon writs of error to state courts. This difference in the treatment of the two classes of cases has not been inadvertent but deliberate, and the reason for it is at once apparent when § 22 of the original Judiciary Act, 1 Stat. 84, c. 20, is examined. The provision originated in that section and was there associated with other provisions which unmistakably show that it was intended to embrace only writs of error to the circuit and district courts. At the time of the revision in 1873, § 22 was divided into several shorter sections and included in the revision according to an arrangement, adopted for purposes of convenience only, whereby the several parts of the original section became more or less separated; but that, in the absence of some substantial change in phraseology, did not work any change in their purpose or meaning. Rev. Stat., § 5600; *Hyde* v. *United States*, 225 U. S. 347, 361; *McDonald* v. *Hovey*, 110 U. S. 619. This is a writ of error to a state court, and so our power to review the ruling upon the plea in abatement is not affected by § 1011.

The statute of Kansas under which the plea was sustained is embodied in the General Statutes of 1905, and provides, in §§ 1332–1336, that to entitle a corporation organized under the laws of another State to do business in Kansas it must (*a*) make application to, and obtain the permission of, the Charter Board of the State, (*b*) accompany its application with a fee of $25.00, (*c*) file with the Secretary of State its irrevocable consent that process against it may be served upon that officer, (*d*) be organized for a purpose for which a domestic corporation may be organized, (*e*) pay to the State Treasurer, for the benefit of the permanent school fund, a specified per cent. of its authorized capital, and (*f*) file with the Secretary of State a certified copy of its charter. And by § 1358 the

statute provides that each corporation for profit, doing business in the State, except banking, insurance and railroad corporations, shall annually prepare and deliver to the Secretary of State a complete and detailed statement, exhibiting: "1st. The authorized capital stock. 2nd. The paid-up capital stock. 3rd. The par value and the market value per share of said stock. 4th. A complete and detailed statement of the assets and liabilities of the corporation. 5th. A full and complete list of the stockholders, with the postoffice address of each, and the number of shares held and paid for by each. 6th. The names and postoffice addresses of the officers, trustees or directors and manager elected for the ensuing year, together with a certificate of the time and manner in which such election was held." This section further provides that a failure to file such statement by any corporation doing business in the State and not organized under its laws shall work a forfeiture of the right or authority to do business in the State, and that "No action shall be maintained or recovery had in any of the courts of this State by any corporation doing business in this State without first obtaining the certificate of the Secretary of State that statements provided for in this section have been properly made."

The four corporations against which the plea was sustained were corporations for profit organized under the laws of States other than Kansas, were not banking, insurance or railroad corporations, were doing business in Kansas—a purely interstate business—and had not complied with the statute just described. There can be no doubt, therefore, that if the statute, especially § 1358, is valid as against such corporations, the plea was rightly sustained; otherwise, it should have been overruled. So, the question for decision is, whether, consistently with the commerce clause of the Constitution of the United States, a State may thus restrict and burden the right to do interstate business within its limits. This precise

question was presented to this court and decided in the negative in the case of *International Textbook Co.* v. *Pigg,* 217 U. S. 91, a case in which the Supreme Court of Kansas had applied the provisions of § 1358 (§ 1283, Gen. Stat. 1901) to a corporation of another State doing an interstate business in Kansas. And the decision of this court in that case was shortly thereafter followed in the similar case of *International Textbook Co.* v. *Lynch*, 218 U. S. 664, brought here on error to the Supreme Court of Vermont. It is due to the Supreme Court of Kansas to observe that this court's decision in the *Pigg Case* had not been made when that court's decision in the present case was given; but in saying this we would not be understood as implying that this court announced any new doctrine in the *Pigg Case*, for it but reiterated and applied principles which were already well recognized, as was shown in the earlier cases of *Paul* v. *Virginia*, 8 Wall. 168, 182; *Cooper Mfg. Co.* v. *Ferguson*, 113 U. S. 727, 734, and *Crutcher* v. *Kentucky*, 141 U. S. 47, 56.

As accurately reflecting what was held in the *Pigg Case*, we excerpt the following from the opinion of the court, delivered by Mr. Justice Harlan (pp. 109, 112):

"'To carry on interstate commerce is not a franchise or a privilege granted by the State; it is a right which every citizen of the United States is entitled to exercise under the Constitution and laws of the United States; and the accession of mere corporate facilities, as a matter of convenience in carrying on their business, cannot have the effect of depriving them of such right, unless Congress should see fit to interpose some contrary regulation on the subject.'

\*   \*   \*   \*   \*   \*   \*   \*

"How far a corporation of one State is entitled to claim in another State, where it is doing business, equality of treatment with individual citizens in respect of the right

to sue and defend in the courts is a question which the exigencies of this case do not require to be definitely decided. It is sufficient to say that the requirement of the Statement mentioned in § 1283 [§ 1358, Gen. Stat. 1905] of the statute imposes a direct burden on the plaintiff's right to engage in interstate business, and, therefore, is in violation of its constitutional rights. It is the established doctrine of this court that a State may not, in any form or under any guise, directly burden the prosecution of interstate business. But such a burden is imposed when the corporation of another State, lawfully engaged in interstate commerce, is required, as a condition of its right to prosecute its business in Kansas, to make and file a Statement setting forth certain facts which the State, confessedly, could not control by legislation. It results that the provision as to the Statement mentioned in § 1283 [§ 1358, Gen. Stat. 1905] must fall before the Constitution of the United States, and with it—according to the established rules of statutory construction—must fall that part of *the same section* which provides that the obtaining of the certificate of the Secretary of State that such Statement has been properly made shall be a condition precedent to the right of the plaintiff to maintain an action in the courts of Kansas."

Following the decision in that case, we hold that the statute upon which the plea in abatement was rested is unconstitutional and void, and that the plea should not have been sustained but overruled.

The judgment is reversed as to the remaining plaintiffs in error, and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*


Mr. Justice Pitney did not hear the argument or participate in the decision of this case.