**McHIE v. McHIE.**

**No. 5403.**

Circuit Court of Appeals, Seventh Circuit.

June 26, 1935.·

Perry R. Chapin, of Hammond, Ind., for appellant.

Frederick C. Crumpacker, Edwin H. Friedrich, and Jay E. Darlington, all of Hammond, Ind., for appellee.

Before SPARKS, FITZHENRY, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge.

Appellant's complaint, filed in the District Court February 26, 1934, charges that she is a resident of the state of New York and that appellee is a resident citizen of Indiana; that more than seventeen years prior to March 22, 1926, they were married and still are husband and wife; that prior to that date he was guilty of cruel and inhuman treatment of her, and that they were and are unable to live together as husband and wife, and for many months before and ever since that date they have been living separate and apart; that on that date they agreed to divide between themselves their property, real and personal, and to make certain provisions for appellant's separate support and maintenance, all of which was embodied in a written postnuptial contract (attached to and made part of the complaint) bearing the said date and duly executed and delivered; that in said agreement it is provided, among other things, that appellee shall pay to appellant the sum of $1,000 per month for and during the remainder of her life while she remains the wife or widow of appellee or until, in case of divorce, she remarries; and that the aggregate of such monthly payments which has accrued is $96,000, of which appellee has paid appellant $56,000, leaving due and unpaid to her the sum of $40,000, to recover which the action was brought.

Appellee filed in the District Court, on March 31, 1934, his "answer in abatement," wherein it is stated that "for his answer in abatement to plaintiff's complaint and cause of action" there is now pending between the same parties another cause of action in the superior court of Lake county, Ind., in which the matters set forth in appellant's complaint are in issue and subject to the jurisdiction of that court; that the complaint in appellee's action was filed in the superior court November 3, 1933; that summons in that action was duly issued returnable November 27, 1933, and was duly and personally served upon appellant herein November 13, 1933; that afterwards, on November 22, 1933, appellant filed in that action her verified application for change of venue, which was granted; and that said suit has been transferred to and is now pending in the superior court at Hammond, Ind.

The "answer in abatement" sets out the complaint in the superior court suit, which was for divorce, and alleges that the parties were married in New York July 20, 1909, and lived together until December, 1925, at which time they separated and have not since lived together. The residence of the plaintiff in the action is stated as Hammond, Ind., and that of the defendant New York City. It charges the defendant therein with various and frequent acts of cruel and inhuman treatment toward the plaintiff, and alleges that it is impossible for him to live with

352

her, and that such condition is permanent. It sets up the aforesaid postnuptial agreement of March 22, 1926, and respecting the stipulated payments of $1,000 per month charges that the payments have all been made up to May, 1932, since which time he has failed to pay because of his financial inability through his heavy losses suffered since 1929; and he prays that, as an incident to his divorce action, the court adjust the financial relations between the parties, and make suitable order for his wife's support, which shall be in lieu of and supersede the provisions thereon which are contained in the postnuptial agreement.

On April 14, 1934, appellant filed her "demurrer to defendant's plea in abatement," stating that she "demurs to defendant's plea in abatement and says that said plea in abatement does not state facts sufficient to abate the cause of action herein."

On July 12 the court made this order: "* * * Plaintiff's demurrer to defendant's plea in abatement is now submitted to the Court, and the Court being duly advised, orders that said demurrer be and the same is hereby overruled. * * *" On November 15 the court ordered as follows: "* * * The demurrer to defendant's plea in abatement having been heretofore overruled, and the plaintiff having been ruled to plead over, and refusing to plead further, abides said ruling on demurrer, and the Court renders judgment on the demurrer." The court thereupon adjudged that the plaintiff take nothing by the action, that the action abate, and that the defendant recover costs.

From this ruling of the court the appeal is taken.

We have stated the facts thus fully to make more clear the contentions of the parties, although such detail may not be essential for determining the issue upon which we rest the decision.

Appellee concedes that, generally speaking, the pendency of a suit in a state court is not pleadable in abatement of a suit brought in the federal court between the same parties and involving the same subject. He maintains, however, that the situation here is quite *sui generis;* that federal courts in no event have jurisdiction of divorce actions; that a divorce action is in its nature an action *in rem,* and, as such, will draw unto itself all questions incidental and pertaining to the marriage status, and that under the statute of Indiana [1] and the decisions of its courts, in a divorce proceeding all property and financial relations are subject to adjustment between the parties. Murray v. Murray, 153 Ind. 14, 53 N. E. 946; Walker v. Walker, 150 Ind. 317. 50 N. E. 68; Rose v. Rose, 93 Ind. 179.

Appellant contends that the postnuptial contract is binding upon the parties thereto and is not subject to abrogation or change in a divorce action between the parties, or in any other action, except for fraud, duress, and the like, none of which is charged in any of the pleadings in either action. It is also contended that the divorce action in the state court is an essentially different action from that in the District Court, which involves only the payments due under the agreement.

Many cases have been cited to the different propositions, and without expressing conclusions we may say we are in doubt whether the Indiana divorce court could change the contracted relation of the parties manifested by the agreement. It is quite possible that as to these contracted payments, especially those which are due, appellee's position is not different from what it would be with regard to any other contractual obligation which he finds it difficult or impossible to meet—a situation which would not prevent action and judgment against him in any court of competent jurisdiction, and from which relief may be had, if at all, in the manner and course available to insolvent or embarrassed debtors.

But appellee makes the contention that under U. S. C. tit. 28, § 879 (28 USCA § 879), appeal to this court does not lie from the judgment in the District Court upon the overruling of the demurrer to the plea in abatement. The section reads: "There shall be no reversal in the Supreme Court or in a circuit court of appeals upon a writ of error, for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court, or for any error in fact."

The section, with slight variation in the wording, has been upon the statute

[1] Section 1110, Burns' Ann. St. 1926, reads in part: "The court shall make such decree for alimony, in all cases contemplated by this act, as the circumstances of the case shall render just and proper."

books since 1789. Notwithstanding its antiquity, we find difficulty in understanding the section from its wording alone, with particular reference to the words "in ruling any plea in abatement." If between the words "ruling" and "any" were placed the word "on" or "upon," it would be more plain that no appeal would lie from the ruling on any plea in abatement not excepted by the act. Indeed, in a quite early case, Hinds et al. v. Keith, 57 F. 10, 13 (C. C. A. 5), the court, assuming to quote from the section (Rev. St. § 1011), used the words "for error in ruling on any plea in abatement," interpolating the word "on." In the Revised Statutes of the United States, Edition of 1878, we find the reading of the section (there 1011) to be: "There shall be no reversal in the Supreme Court or in a circuit court upon a writ of error, for error in ruling (*and*) (any) plea in abatement, other than a plea to the jurisdiction of the court, or for any error in fact."

The historical note to section 879 in 28 USCA states that in the act of 1875 the word "any" was inserted in the place of "and" which appeared after the word "ruling" in the section as originally enacted.

■ But all this affords little aid to an understanding of the section. If it were so worded as to deny appeal from overruling of a plea in abatement, and the cause was then heard upon the merits, it would seem that there might be reason enough for denying a review of the ruling, since the judgment on the merits would still be subject to review. The seeming harshness of denying review where the plea in abatement was sustained and judgment was given against its pleader, makes one hesitate to apply to the statute the intent of denying review in such cases. But the section has been quite frequently before the courts in cases more or less similar to this one, and from them we conclude that review is denied for error in ruling on a plea in abatement in all cases save those excepted by the section.

It was before the Supreme Court in Piquignot v. Pennsylvania R. Co., 16 How. (57 U. S.) 104, 105, 14 L. Ed. 863. In an action for damages begun in the United States Circuit Court the defendant pleaded in abatement that another action was pending for the same cause in a state court. In giving judgment in favor of the defendant upon plaintiff's demurrer to the plea in abatement, the court referred to section 1011 and said: "The question raised by the plea in abatement, in this case, is one of considerable importance, and on which there is some conflict of opinion and decision, but the judgment of the court below on the plea is not subject to our revision on a writ of error."

The section was again before the Supreme Court in Stephens v. Monongahela National Bank, 111 U. S. 197, 4 S. Ct. 336, 28 L. Ed. 399. In that case two defenses were pleaded to the action in the circuit court—the first, that another action was pending for the same cause between the same parties in a court of the state; and the second, a plea to the merits of the cause of action. The court found that the defense to the merits was not good, and that the plea of another action pending was a plea in abatement, and that the lower court's decision thereon was not reviewable. The opinion of Mr. Chief Justice Waite reads in part: "As to the first of these defenses, it is sufficient to say that the plea of another action pending is a plea in abatement. Bac. Abr. 'Abatement,' M; Com. Dig. 'Abatement,' H, 24; 1 Chit. Pl. (10th Am. Ed.) 453; 3 Chit. Pl. 903, note y. And by section 1011 of the Revised Statutes, which is a re-enactment of a similar provision in the Judiciary Act of September 24, 1789, c. 20, § 22 (1 St. 84, 85), it is expressly provided that there shall be no reversal in this court or the circuit court for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court. Under this statute, it was held in Piquignot v. The Pennsylvania Railroad Company, 16 How. 104 [14 L. Ed. 863], which came from the same district as this case, that the judgment of the circuit court, on precisely such a plea as that contemplated by this affidavit of defense, was 'not subject to our revision on a writ of error.' The defense is one which merely defeats the present proceeding, and does not conclude the plaintiff forever, either as to his right to sue in the circuit court of the United States or as to the merits of the matter in dispute."

In Buck Stove & Range Co. v. Vickers, 226 U. S. 205, 33 S. Ct. 41, 42, 57 L.

Ed. 189, it was decided that this section did not apply to a case coming to the Supreme Court from a state court; but the court made mention of its earlier decisions, saying: "This provision has been part of the judiciary acts from the beginning, and often has been applied upon writs of error to the circuit and district courts, but never to a case coming here from a state court. Piquignot v. Pennsylvania Railroad Co., 16 How. 104, 14 L. Ed. 863, and Stephens v. Monongahela Bank, 111 U. S. 197, 4 S. Ct. 336, 28 L. Ed. 399, illustrate its application in cases brought here from circuit courts. * * *"

In Green v. Underwood, 86 F. 427, 430 (C. C. A. 8), a demurrer to a pleading in abatement was overruled and the action dismissed. Demurrant asked leave to plead over, which was denied; and writ of error was prosecuted. The Court of Appeals, while holding that the order denying leave to plead over was reviewable, held that the ruling on the demurrer was not reviewable. It quoted Rev. Stat. § 1011, and said: "This provision first appeared in the judiciary act of 1789. 1 Stat. 85. It has accordingly been held by the supreme court that the plea in question is in the nature of a plea in abatement, and therefore the error of the court in ruling thereon is not reviewable on writ of error. Piquignot v. Railroad Co., 16 How. 104 [14 L. Ed. 863]; Stephens v. Bank, 111 U. S. 197, 4 S. Ct. 336, 337 [28 L. Ed. 399]. * * *"

The Circuit Court of Appeals for the Eighth Circuit, in Barnsdall v. Waltemeyer, 142 F. 415, 418, certiorari denied 201 U. S. 643, 26 S. Ct. 759, 50 L. Ed. 902, wherein the District Court sustained a demurrer to the defendant's plea of another action pending, said that the action in the state court did not present any ground for the abatement of the action, and furthermore that: "If the concession were made that the facts here stated constitute a good plea in abatement and that the court below should have sustained them, then its ruling upon this subject is not fatal to the judgment challenged, because a judgment may not be reversed in the federal courts for error in ruling any plea in abatement."

In Cunningham v. Rodgers, 171 F. 835 (C. C. A. 9), the court held, citing the Supreme Court cases discussed above, that under section 1011 the court could not review a judgment given upon a plea in abatement.

This court, in Marinette Sawmill Co. v. Scofield, 174 F. 562, held that the defendant's plea in the Circuit Court, setting up a parol agreement between the parties to the action that no suit should be brought until the termination of another suit which was pending, was a plea in abatement under the Wisconsin practice, and that a judgment sustaining such defense and abating the action is not reviewable under the section of the Judicial Code in question. The court said that the Circuit Court dealt with the defense as in abatement, and that under the authorities it was a ruling upon a plea in abatement and therefore not reviewable.

Appellee contends that the plea in abatement here was to the jurisdiction of the court, and that therefore section 879 (28 USCA) does not apply. We do not so regard it. In some of the foregoing cases the courts held that the plea of another action pending in another court is not a plea to the jurisdiction of the court. Stephens v. Monongahela National Bank, 111 U. S. 197, 4 S. Ct. 336, 28 L. Ed. 399; Piquignot v. Pennsylvania R. Co., 16 How. (57 U. S.) 104, 14 L. Ed. 863; Barnsdall v. Waltemeyer (C. C. A.) 142 F. 415. We do not regard the issue raised by the plea as going to the jurisdiction of the District Court, which clearly had jurisdiction of the parties and of the subject-matter involved in the suit.

We feel constrained to conclude that, upon the decisions under section 879 (28 USCA), the order overruling appellant's demurrer to appellee's plea in abatement, and abating the suit and giving judgment against appellant as was done, is not reviewable by this court, and accordingly the appeal is dismissed.