Leone Dorothy Souza **TEIXEIRA** et al.,
Etc., et al., Plaintiffs, Appellants,

v.

**GOODYEAR TIRE & RUBBER COM-
PANY**, Inc., Defendant, Appellee.

No. 5401.

United States Court of Appeals
First Circuit.

Nov. 19, 1958.

Roy F. Teixeira, Boston, Mass., for appellants.

Edward R. Langenbach, Boston, Mass., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The appeal here is from a final judgment of the United States District Court for the District of Massachusetts dismissing a wrongful death complaint founded on diversity of citizenship.

It appears that on February 13, 1957, the plaintiffs, citizens of Massachusetts, filed a complaint for damages against The Goodyear Tire & Rubber Company, Inc., predicated upon allegations of a sale by the defendant to the plaintiffs' decedent in Pensacola, Florida, of a defective automobile tire, in consequence of which there was a blowout of the tire upon a public highway in the State of Florida whereby decedent met his death. The district court, on motion under 28 U.S.C. § 1404(a), entered an order on February 5, 1958 (Civ.Action No. 57–168–S) transferring the case to the United States District Court for the Northern District of Florida. Though the obvious purpose of appellant is now to have us review the merits of this old order of transfer, we have no means of knowing, on the present record, whether or not the district court "abused its discretion" in entering such order.

In any event, such order of transfer could not have been reviewed by us upon appeal. Jiffy Lubricator Co., Inc., v. Stewart-Warner Corp., 4 Cir., 1949, 177 F.2d 360 certiorari denied 1950, 338 U.S. 947, 70 S.Ct. 484, 94 L.Ed. 584. Nor would we have reviewed it upon a

writ of mandamus issued by us under the "all writs" section of the Judicial Code, 28 U.S.C. § 1651(a). See In re Josephson, 1 Cir., 1954, 218 F.2d 174.

Subsequently, the plaintiffs filed a new complaint in the court below, predicated on the identical cause of action set forth in the first complaint. Defendant filed a motion to dismiss this second complaint, on the ground that the transferred case was still pending in the United States District Court for the Northern District of Florida. Pursuant thereto, the district court entered its judgment dismissing the second complaint.

█ It is clear that this court has no jurisdiction to review this case on appeal, in view of 28 U.S.C. § 2105 which reads: "There shall be no reversal in the Supreme Court or a court of appeals for error in ruling upon matters in abatement which do not involve jurisdiction." See Stephens v. Monongahela Bank, 1884, 111 U.S. 197, 4 S.Ct. 336, 28 L.Ed. 399; Green v. Underwood, 8 Cir., 1898, 86 F. 427; McHie v. McHie, 7 Cir., 1935, 78 F.2d 351; Bowles v. Wilke, 7 Cir., 1949, 175 F.2d 35.

A judgment will be entered dismissing the appeal for lack of jurisdiction.