C. C. Vickers *et al.* v. The Buck Stove and Range Company *et al.*

No. 11,924. ( 68 Pac. 1081.)

SYLLABUS BY THE COURT.

Practice, District Court—*Jury in Equity Cases.* While in equity cases the court is not bound to submit the issues to a jury, and while, if such submission should be made, the jury's findings are only advisory to the court and may be disregarded, yet, if such submission should be made in all respects as though the jury were to be the ult'm ite triers of the facts, but the court should thereafter determine to disregard the findings and render judgment in opposition to them, it should allow the party against whom such determination is made to be heard before it as a court, in all particulars in which a trial to the court differs from a trial to the jury, and in which the presentation to the jury could not be made effective as a presentation to the court.

Error from Morris district court; O. L. Moore, judge. Opinion filed May 10, 1902. *In banc.* Reversed.

*Graves & Hamer,* and *Allen & Allen,* for plaintiffs in error.

*M. B. Nicholson,* and *W. J. Pirtle,* for defendants in error.

The opinion of the court was delivered by

Doster, C. J. : This was an action to set aside a conveyance of lands made by Vickers to Maxson, on the ground of fraud. The allegations of fraud raised the only controverted questions in the case. Upon the defendants' request, a jury was impaneled to try the issues and make special findings of facts. Instructions on the law of the case were given, and on the part of the defendants requests for instructions were made and refused. The defendants also requested

7—65 KAN.

the submission to the jury of a number of special questions of fact, which request was refused. In lieu of the questions proposed, the court of its own motion submitted certain interrogatories. The case was argued to the jury, after which answers to the questions asked were returned, which questions and answers were as follows:

"Ques. 1. Did C. C. Vickers and Mary P. Vickers convey to Perry B. Maxson, by their deeds dated June 30, 1894, all the real estate at that time owned by C. C. Vickers? Ans. Yes.

"Q. 2. Was C. C. Vickers, on the 30th day of June, 1894, able to meet all the liabilities of the firm of W. L. Vickers & Co., of which he was a member? A. No.

"Q. 3. How much money did Perry B. Maxson pay to C. C. Vickers or to Mary P. Vickers for the lands in question? A. $1000 on July 18, and about $1600 thereafter.

"Q. 4. Did the defendant C. C. Vickers, and wife, convey the real estate described in the petition to Perry B. Maxson with the intent to hinder, delay or defraud the creditors of W. L. Vickers & Co. or C. C. Vickers? A. No.

"Q. 5. If you answer question No. 4 in the affirmative, then did Perry B. Maxson, before he parted with his money and notes for such conveyance, know of such fraudulent intent, or did he have knowledge of facts sufficient to excite the suspicion and put an ordinarily prudent man upon inquiry as to the intent and purpose of C. C. Vickers and wife in making such conveyance? A. ——

"Q. 6. Did Perry B. Maxson, at the time he took the conveyance of the lands in question, know that W. L. Vickers & Co. were in failing circumstances? A. No.

"Q. 7. Did Perry B. Maxson, in his purchase of the land in controversy from C. C. Vickers and wife, act in good faith and without intent to hinder, delay

or defraud the creditors of W. L. Vickers & Co. or C. C. Vickers?   A.  Yes."

The record then shows the following proceedings :

"And thereupon the plaintiffs filed a motion for judgment and decree as prayed for in their petition, the findings of the jury to the contrary notwithstanding.

"And afterwards, and on the 8th day of December, A. D. 1899, said motion came on to be heard, and after hearing the arguments of counsel for the respective parties and duly considering the same, the court finds that *the findings of the jury ought to be ignored and disregarded*, and that the court itself ought to determine and decide the issues by and from the evidence submitted on the trial of this cause.

"And thereupon the said defendants requested permission to present said case to the court as upon a trial to the court, which the court refused, and to which refusal the defendants then and there duly objected and excepted."

After the occurrence of the above proceedings, the court made a general finding that the deeds in question were "fraudulent and void as against the rights of the plaintiff and the other creditors of the defendant C. C. Vickers." Judgment in accordance with the court's finding was thereupon rendered, and a motion for a new trial was made and overruled. From evidence offered in support of the motion, it appeared that the case had been twice before tried to juries in the same court and before the same judge. One of the grounds of the motion for a new trial was "abuse of discretion on the part of the court by which the defendants were deprived of having a fair trial."

A court is not bound to submit any of the questions arising in equity cases to a jury. It may, however, do so, but, if it does, the jury's findings are advisory only.  They may be adopted in whole or in part, or

disregarded altogether. This has been several times remarked by this court. We think, however, that there is a condition attached to this rule. That condition is that, when the court submits the case to the jury as though they were the ultimate triers of the facts, it cannot thereafter arbitrarily determine the case itself without giving the parties a hearing of some kind and to some extent before it as the court. It is not said that the court must permit a retrial of the case, but it must allow the case to be presented anew so far as to give it the substantial character and effect of a trial to the court. The above-recited record shows that "defendants requested permission to present said case to the court as upon a trial to the court, which the court refused." Now, a trial to the court is in some respects different from a trial to the jury. For instance, in a trial to the court, findings of fact must be made and conclusions of law stated, if requested by either party. (Civil Code, § 290; Gen. Stat. 1901, § 4737.) This presupposes the right of counsel to be heard in argument on the facts and, perhaps, on the law. In some cases testimony which it would be erroneous to receive on a jury trial may be heard by the court without committing error. There are other instances of dissimilarity.

As before said, the court, if dissatisfied with the jury's findings, should not be required to try the case *de novo*, but in all particulars in which a trial to the court differs from a trial to the jury—that is, in all particulars in which the presentation to the jury could not be made effective as a presentation to the court—the parties are entitled to a hearing before the latter. In what particulars the defendants in this case desired a hearing before the court the record does not show. They were denied the right to pre-

sent their side to *he court in any particular, and such denial, we th' k, was error, because it amounted to a denial of the right to be heard in the case.  It is evident that the court and the counsel for defendants below differed with each other in respect to both the facts and the law, and in these matters, as we interpret the record, the counsel were denied a hearing in argument to the court, a denial for which we cannot say that a subsequent hearing on the motion for new trial atoned.

The judgment of the court below is reversed and a new trial ordered.

All the Justices concurring.