C. C. Vickers *et al.* v. The Buck Stove and · Range Company *et al.*

No. 13,873.   (79 Pac. 160.)

SYLLABUS BY THE COURT.

1. Foreign Corporations—*Right to Sue—Practice.* Where, in a suit by several foreign corporations to set aside an alleged fraudulent conveyance of lands, the defendants, before trial, file a motion to dismiss for the reason that the plaintiffs are doing business in this state without having complied with the provisions of chapter 10 of the Laws of 1893 and chapter 125 of the Laws of 1901 (Gen. Stat. 1901, § 1248 *et seq.*), and said defendants offer evidence in support of their motion, it is error for. the court to refuse to hear the evidence, and, thereupon, to deny the motion.

2. Practice, District Court—*Findings by Court.* Where a case [is tried to a court without a jury and one of the parties requests the court to state its findings of fact separately from its conclusions of law, it is error for the court to refuse the request, or to refuse to make such separate findings so definite that the party may have a fair opportunity to except to · the decision of the court upon the conclusions of law involved in the trial.

Error from Morris district court; Oscar L. Moore, judge.   Opinion filed January 7, 1905.   Reversed.

*Charles B. Graves*, and *Allen & Allen*, for plaintiffs in error.

*Nicholson & Pirtle*, for defendants in error.

The opinion of the court was delivered by

Clark A. Smith, J. :   This suit was begun in 1896 and is now brought to this court for review the third time.   (*Vickers v. Buck*, 60 Kan. 598, 57 Pac. 517 ; *Vickers v. Buck*, 65 id. 97, 68 Pac. 1081.)   The last trial resulted in a judgment for plaintiffs, and defendants bring error.   It was an attempt to set aside a fraudulent conveyance.

The first error argued in the brief of plaintiffs in

error is the denial of the motion for a change of venue. An application for a change of venue is addressed to the sound discretion of the trial court, and it is not shown that the court abused that discretion in this case.

Error is assigned upon the refusal of the court to hear evidence upon, and the dismissal of, the motion of defendants below to dismiss the case on the ground that plaintiffs were non-resident corporations doing business in the state of Kansas without having complied with the provisions of the statute authorizing them to maintain an action or to recover thereon in the courts of this state. The court refused to hear the evidence offered by the defendants in support of their motion. This was error. Section 3 of chapter 125, Laws of 1901 (Gen. Stat. 1901, § 1283), provides:

"No action shall be maintained or recovery had in any of the courts of this state by any corporation doing business in this state without first obtaining the certificate of the secretary of state that statements provided for in this section have been properly made."

If the facts stated in the motion of the defendant to dismiss were true the plaintiffs were not entitled to maintain their suit, or to recover judgment, without having complied with the provisions of the act of 1901. The court sustained the objection to the introduction of any evidence under the motion, for the reason that this suit was commenced in the year 1896, before the passage of that act, or of the act of 1898, of which it is amendatory. It must be borne in mind that this was not an action to enforce a contract, but a suit sounding in tort. The design or effect of allowing the motion in question until the plaintiffs should have complied with the provisions of our statute relating to foreign corporations was not to impair the

obligation of a contract. The act regulates the mode of procedure and protects the citizens of the state. The plaintiffs were not in a position to claim that they had a vested right to recover without having complied with the conditions imposed by the laws of the state, merely because they had commenced this suit before the enactment of the statute. The statute is not retroactive, as it applies to this case; it is prospective, and simply imposes upon such corporations proper regulations, in the interests of the citizens of the state, which they must observe before they will be allowed to maintain, and recover in, an action in this state. The court should hear the evidence, and, if the facts alleged in the motion be sustained by the evidence, it should give them a reasonable time in which to comply with the statute. Upon their refusal so to do it should dismiss the suit.

Plaintiffs in error complain of an alleged failure, or refusal, of the court to state its findings of fact and conclusions of law separately, as required by section 290 of the code of civil procedure (Gen. Stat. 1901 § 4737). This request was made in a particular manner by the defendants below, and fourteen special questions were submitted. It is not necessary, or customary, for a party to a suit to submit questions of fact when the trial is to the court without a jury, as it is especially required where the trial is to a jury, and special findings of fact are desired. It is the usual and proper practice simply to make the request of the court to make such separate findings of fact and conclusions of law upon all material points involved in the case, which request should be granted. The findings should be announced to counsel, and an opportunity given them to ask further findings upon any material facts.

Vickers v. Buck.

In this case, in response to the request of counsel, the court filed nearly fourteen pages of closely type-written matter, which was, perhaps, intended to be findings of fact. It is interlarded with arguments and statements not justified by the evidence; in fact, in one instance the court intimated that his finding was based on hearing the evidence on three former trials, as well as on the present trial. The facts recited could have been presented much better in one-fourth of the space. Although so lengthy, this document did not decide all of the facts material to the case, and justified by the evidence. Following these fourteen pages are more than two pages of conclusions from the evidence. Whether they are conclusions of law, or fact, it is hard to determine, for they include both, as well as much argument. After the court had rendered these alleged findings of fact and conclusions of law the defendants filed a motion objecting to them, and asking the court to modify or change them, or prepare and file others, which motion was denied, and the defendants excepted. The object of granting this right to a party is that he may except to the decision of the court upon questions of law, and may know the facts upon which the court bases its conclusions of law.

It is the proper practice for a trial court, in case it apprehends that its decision may be misunderstood, or from mere choice, to prepare and file à written opinion in the case, and in this opinion it may give the reasons for its findings of fact, and its reasons and authorities for its conclusions of law; but this opinion and these arguments should not be so mingled with the conclusions of law and findings of fact as to make all indistinguishable. For instance, the question whether Vickers and wife had a homestead of 160

acres exempt to them when they transferred the lands to Mixon was involved in this case. The findings of fact should have first determined whether Vickers and family ever occupied the land in question as a homestead ; if so, the next question would have been whether they vacated or ceased to occupy the land as a homestead before the conveyance ; third, if they did remove from the land claimed as a homestead before the conveyance, whether they had abandoned it as a homestead before the conveyance. The conclusion of law should have decided whether Vickers was entitled to a homestead right upon the land at the time in question. Instead of these brief findings over a page of typewritten matter, principally argument, was devoted to this question, and there was no finding whether Vickers and family ever occupied the land as a homestead, or whether they had abandoned it if they had a homestead thereon prior to the conveyance. There was a fairly stated conclusion that Vickers was not entitled to any claim of homestead or any portion of the 840 acres of land at the time of the transfer, but this conclusion was not separately stated.

It is with reluctance that we reverse this case and send it back for trial the third time. We are not prepared to say that the trial court did not arrive at the right conclusions. It seems to have devoted great labor to the trial, and apparently with overanxiety to be right, and to do justice to all parties ; yet it practically denied to the defendants a plain statutory right to have the findings of fact and conclusions of law separately stated.

The judgment is reversed.

All the Justices concurring.