**PEDI BARES, INC., Appellee,**

v.

**P & C FOOD MARKETS, INC.,**
**Appellant.**

**No. 76–1567.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 27, 1977.

Decided Dec. 16, 1977.

L. M. Cornish, Topeka, Kan. (Henry J. Schulteis, of Glenn, Cornish & Leuenberger, Chartered, Topeka, Kan., on the brief), for appellee.

Michael J. Grady, Topeka, Kan. (Cosgrove, Webb & Oman, Topeka, Kan. and Robert J. Hunt, of Bond, Schoeneck & King, Syracuse, N. Y., on the brief), for appellant.

Before McWILLIAMS, BREITENSTEIN and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This diversity action was brought to recover the balance claimed due for goods sold. Jurisdiction depends on the use of the Kansas long-arm statute. After trial to the court, the seller had judgment. We affirm.

Plaintiff-appellee, Pedi Bares, Inc., is a California corporation having its principal office and place of business in Kansas where it manufactures footwear. Defendant-appellant, P & C Food Markets, Inc., is a New York corporation and has its principal office and place of business in that state. P & C is a wholesale grocer with subsidiaries serving independently owned stores in New York and Pennsylvania.

Nelson, a representative of Pedi Bares, worked on a commission basis and had authority to solicit orders which were sent to Pedi Bares in Kansas for acceptance. P & C gave Nelson a letter of introduction to the retail stores which P & C serviced. Among other things, the letter said: "Your initial order will be shipped direct to you but billed through the warehouse." P & C furnished Nelson a list of the stores which it serviced.

In the fall of 1970, Nelson obtained orders from stores serviced by P & C and sent them to Pedi Bares in Kansas. Pedi Bares checked on the credit of P & C, accepted the orders and shipped the goods, manufactured in Kansas, to the stores which put in the orders. Invoices totaling about $27,900 were sent by Pedi Bares to P & C which paid over $11,900 of the amount due to Pedi Bares. After all ordered goods had been shipped, P & C stopped making payments and Pedi Bares then brought this suit to recover the balance due. The court gave judgment for Pedi Bares against P & C in the amount of $15,964.84 plus interest.

The Kansas long-arm statute provides, so far as pertinent, 4A K.S.A. § 60–308:

"Any person, whether or not a citizen or resident of this state, who * * * does any of the acts hereinafter enumerated, thereby submits said person, * * to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

(b) * * *

(5) Entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state; * * *."

Subsection (b)(5), sometimes referred to as the single act statute, permits the exercise of personal jurisdiction over a nonresident when the sole basis is a contract with a resident to be performed in Kansas. *Misco-United Sup., Inc. v. Richards of Rockford, Inc.,* 215 Kan. 849, 528 P.2d 1248, 1251; see also Casad, Long Arm and Convenient Forum, 20 U. of Kan.L.Rev. 1, 33–86. P & C argues that the case is not within the statute because Pedi Bares was not a Kansas resident and because there was no contract.

Residence is attacked on the ground that when this suit was started on June 4, 1974, Pedi Bares was not authorized to do business in Kansas. After its incorporation in California, Pedi Bares did business there until 1963 when it moved its entire operation to Kansas and thereafter conducted all of its business in that state except the solicitation of orders in other states. Pedi Bares became authorized to do

business in Kansas as a foreign corporation on October 4, 1974. There appears to be no Kansas decision defining residence for the purposes of the single act statute. In Kansas, a foreign corporation which has not been admitted in that state before the commencement of an action may comply and recover after compliance. See Annotation in 6 A.L.R.3d 335–336; *State v. American Book Co.*, 69 Kan. 1, 76 P. 411, 416; and *Vickers v. Buck's Stove & Range Co.*, 70 Kan. 584, 79 P. 160, 161. The fact that Pedi Bares did not comply with the pertinent Kansas statutes until four months after filing of suit is not material to the question of residence. We agree with the trial court that Pedi Bares was a resident of Kansas.

P & C argues that there was no express or implied contract between it and Pedi Bares. The letter of introduction which P & C gave to the representative of Pedi Bares, was directed to the stores serviced by P & C and said that the goods would be "billed through the warehouse." Pedi Bares accepted the orders from individual stores, billed P & C, and received payment from P & C for some invoices. Pedi Bares called P & C relative to unpaid invoices and P & C said they would be paid. Pedi Bares then continued to ship and received payment for some invoices. After all orders had been filled, P & C stopped making payments. The record shows an offer, acceptance, shipment of the goods by Pedi Bares, the receipt of the goods, and partial payment by P & C. Pedi Bares relied to its detriment on the conduct of P & C. We agree with the trial court that the doctrine of promissory estoppel bars P & C from denying the contract. See *Kirkpatrick v. Seneca National Bank*, 213 Kan. 61, 515 P.2d 781, 786–787.

P & C contends that the Kansas statute of frauds, 7 K.S.A. § 84–2–201, bars recovery. The bar does not apply with respect to goods "which have been received and accepted." Section 84–2–201(3)(c). Here we have receipt and acceptance. Kansas has held that the statute of frauds will not ordinarily permit a person to take advantage of his own wrong. *Decatur Co-*

*operative Association v. Urban*, 219 Kan. 171, 547 P.2d 323, 329. The contract is enforceable.

P & C says that the service of process did not comply with Rule 4(e), F.R. Civ.P., which provides that service upon a nonresident of the state where the action is filed may be made in the manner provided by state law. 4A K.S.A. § 60–308(a)(2) requires an affidavit of service and the record does not show any affidavit. Section 60–204 of the Kansas Rules of Civil Procedure says that substantial compliance with the provisions for process service suffices if a party is made aware of the action. Section 60–102 declares that the rules of civil procedure shall be liberally construed. Under Kansas law, substantial compliance with the requirements for service and awareness of the action are all that is necessary. *Briscoe v. Getto*, 204 Kan. 254, 462 P.2d 127, 129. Here we have both. Sufficiency of service under state law satisfies the federal rule.

P & C says that the application of the single act statute in this action deprives it of its right under the federal Constitution to due process. The problem may be divided into two parts; (1) defendant's contact with the forum state, and (2) fair play and substantial justice. See e. g. *Product Promotions, Inc. v. Cousteau*, 5 Cir., 495 F.2d 483, 494, 498, and *U-Anchor Advertising, Inc. v. Burt*, Texas, 553 S.W.2d 760, 762–763, both of which involved the Texas single act statute.

*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95, established the "minimum contacts" test for jurisdiction. *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223, said that the test was satisfied when "the suit was based on a contract which had substantial connection" with the forum state. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283, did not modify the *McGee* decision but rejected personal jurisdiction because the cause of action did not arise "out of an act done or transaction consum-

mated in the forum State." Ibid. at 251, 78 S.Ct. at 1238. In the instant case, the purchase orders were accepted in Kansas. The goods were manufactured in, and shipped from, Kansas. Partial payment was made to Pedi Bares in Kansas.

The principal distinction between the present case and *McGee* is that there the defendant made the initial solicitation while here that was made by the plaintiff. Initial contact is not decisive. The subsequent conduct of P & C shows that it purposely availed itself of the privilege of carrying on activities to secure goods from a Kansas manufacturer and seller.

No Kansas or Tenth Circuit decision controls determination of the point at issue. *Misco-United Supply*, supra, 528 P.2d 1248, was concerned with a sale by a resident to a nonresident of goods manufactured outside of Kansas. The only Kansas contact was a telephone call by the buyer to the seller. Applying the single act statute, the court said that the due process requirements were not satisfied because the Kansas corporation acted merely as a "clearing house" for an out-of-state transaction. Ibid. at 1253. *Oswalt Industries, Inc.*, Kan., 297 F.Supp. 307, applied the transaction of business provision of the Kansas long-arm statute, § 60–308(b)(1), and held that the placing of an order by a nonresident with a resident was not the transaction of business. Those portions of the opinion dealing with the due process requirements are not persuasive. The reasoning in *Doyn Aircraft Inc. v. Wylie*, 10 Cir., 443 F.2d 579, 582–583, which also involved the transaction of business provision of the Kansas statute, is more convincing.

P & C contends that application of a long-arm statute cannot be based on the unilateral acts of the seller in the forum state. The argument is not pertinent here. P & C acted affirmatively. It wrote the letter which initiated the transactions. Stores serviced by P & C ordered the goods which were manufactured in and shipped from Kansas. P & C sent to Pedi Bares in Kansas payments for part of the goods. Due process does not require the presence in the forum state of the defendant or one of its agents. 2 Moore's Fed.Prac. ¶ 4.25[5], pp. 1171–1172, citing *McGee*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, and *Travelers Health Association v. Virginia*, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154; see also *Product Promotions, Inc. v. Cousteau*, 5 Cir., 495 F.2d 483, construing the single act statute of Texas.

The defendant's conduct must be such that it "purposefully avails itself" of the privilege of acting within the forum state and invoking its laws. *Hanson v. Denckla*, 357 U.S. at 253, 78 S.Ct. 1228. The act must have "reasonably foreseeable consequences within the [forum] State." See *Product Promotions, Inc. v. Cousteau*, 495 F.2d at 496; *In-Flight Devices Corporation v. Van Dusen Air, Inc.*, 6 Cir., 466 F.2d 220, 226; and 4 Wright and Miller Fed.Prac. and Pro., § 1069, pp. 259–260, n. 86. These requirements are satisfied. The acts were purposeful and the consequences in Kansas reasonably foreseeable.

*International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, requires that the contact be "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" No particular factor is decisive. Consideration should be given to the interest of the state in providing a forum, the relative convenience of the parties, and basic equities. See *Product Promotions v. Cousteau*, 495 F.2d at 498.

Kansas has a manifest interest in providing redress for its residents injured by nonresidents engaged in any activity which the state treats as subject to special legislation. See *Hanson v. Denckla*, 357 U.S. at 252, 78 S.Ct. 1228. That interest includes protection of its residents against breach of a contract by a nonresident for the purchase of goods made in Kansas. The convenience of witnesses is about equally balanced. P & C has shown no inequities which result from a Kansas suit.

Nothing in the record offends any concept of ultimate justice. P & C paid for part, but not all, of the goods. Its obliga-

tion to pay the balance due can be determined in Kansas as well as in New York or any other state. We are convinced that the Kansas single act statute was constitutionally and properly applied.

Affirmed.