Larry G. STEPHENSON and Margorie Stephenson, Plaintiffs,

v.

Stuart BARRINGER and Equine Investors Insurance Agency, Inc., Defendants.

Civ. A. No. 90–2337–V.

United States District Court, D. Kansas.

Feb. 12, 1991.

---

Ronnie L. Svaty, Svaty, Sherman & Hoffman, Ellsworth, Kan., William G. Howard, Laura J. Bond, Lathrop, Koontz & Norquist, Overland Park, Kan., Douglas R. Dalgleish, Thomas S. Stewart, Lathrop, Norquist & Miller, Kansas City, Mo., for plaintiffs.

Stuart (NMI) Barringer, Newcastle, Okl., pro se.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This is a diversity of citizenship action brought by plaintiffs Larry G. Stephenson and Margorie Stephenson against defendants Stuart Barringer and Equine Investors Insurance Agency, Inc. (Equine), claiming damages for an alleged breach of an insurance contract. Defendant Barringer, appearing *pro se*, moves the court, as president of defendant Equine and individually, to dismiss the case for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2) (Doc. 6). Plaintiffs have responded and oppose defendants' motion (Doc. 8). For the reasons stated below, the motion is denied.

In opposing a motion to dismiss for lack of personal jurisdiction, plaintiffs need only make out a *prima facie* case that the constitutional and statutory requirements for the assumption of personal jurisdiction are satisfied. *Carrothers Const. Co. v. Quality Service & Supply*, 586 F.Supp. 134, 135–36 (D.Kan.1984). The parties may submit affidavits and other documentary evidence for the court's consideration. *Composite Marine Propellers, Inc. v. VanDerWoude*, 741 F.Supp. 873, 874 (D.Kan.1990). The court accepts allegations in the Complaint as true to the extent that they are uncontroverted by submitted affidavits. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). When conflicting affidavits are presented, factual disputes are resolved in plaintiffs' favor, and plaintiffs' *prima facie* case may thus survive defendant's motion. *Id.*, 744 F.2d at 733. Plaintiffs are entitled to the benefit of any factual doubt. *Ammon v. Kaplow*, 468 F.Supp. 1304, 1309 (D.Kan.1979).

Applying these precepts, the court considers the following facts to be relevant and controlling of defendants' motion. Plaintiffs are Kansas residents. They have for many years owned, trained, bred, raced, developed, and sold quarterhorses. Defendant Barringer, an Oklahoma resident, was at all relevant times herein president of defendant Equine. Defendant Equine was an insurance company incorporated in the State of Oklahoma with its principal place of business in Newcastle, Oklahoma. Defendant Equine insures, among other things, race horses. Prior to 1988 plaintiffs had insured at least one of their quarterhorses through defendant Equine.

In 1988, plaintiffs owned a quarterhorse mare known as "True Feature," which had a market value in excess of $75,000. In early 1988, plaintiffs contracted to breed True Feature with an acclaimed stallion known as "Easy Jet." The breeding was to occur at Gateway Farms in Hemet, California. On January 29, 1988, plaintiff Larry G. Stephenson spoke with defendant Barringer about insuring True Feature for $75,000. Defendant Barringer agreed to insure True Feature for that value, and he assured plaintiff that he would complete the necessary paperwork. On March 7, 1988, True Feature died as a result of complications incurred during foaling at Hemet, California. The next day, plaintiffs

notified defendant Barringer of True Feature's demise and made a claim on their insurance. Defendants denied plaintiffs' claim and asserted that plaintiffs were not insured. On September 25, 1990, plaintiffs filed the present breach of contract action.

 Initially, we note that defendant Equine purportedly appears *pro se* by its president, Stuart Barringer. The status of Barringer as a lawyer is uncertain. He is not admitted to practice in the United States District Court for the District of Kansas. We recognize the well-established rule that a corporation may appear in a court of record only by an attorney at law. *Flora Construction Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir.1962), *cert. denied*, 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). Accordingly, we shall consider the instant motion only as it pertains to defendant Barringer, individually.

 The federal court in a diversity action determines whether personal jurisdiction over a nonresident defendant is obtainable under the law of the forum state. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir.1988). In Kansas, the issue of personal jurisdiction is determined from a two-step analysis. First, the court assesses whether the defendant's conduct falls within one of the provisions of the Kansas long-arm statute, K.S.A. 60–308(b). Second, the court decides whether the exercise of jurisdiction comports with due process requirements. *VanDerWoude*, 741 F.Supp. at 876. The Kansas long-arm statute is liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution. *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 777, 740 P.2d 1089 (1987).

Plaintiffs, in their opposition to defendant's motion, assert that jurisdiction over defendant Barringer exists pursuant to the Kansas long-arm statute, K.S.A. 60–308(b). The specific provisions relied upon by plaintiffs provide as follows:

*(b) Submitting to jurisdiction—process.* Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

(1) Transaction of any business within this state;

. . . . .

(4) contracting to insure any person, property or risk located within this state at the time of contracting;

(5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state;

. . . . .

(7) causing to persons or property within this state any injury arising out of an act or omission outside of this state by the defendant if, at the time of the injury either (A) the defendant was engaged in solicitations or service activities within this state; or (B) products, manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use;

. . . . .

(9) serving as the insurer of any person at the time of any act by the person which is the subject of an action in a court of competent jurisdiction within the state of Kansas which results in judgment being taken against the person ...

*Id.*

 Accepting the allegations of the complaint as true, we conclude that plaintiffs have established a *prima facie* case of personal jurisdiction under K.S.A. 60–308(b)(4). Defendant Barringer, as the agent of defendant Equine, negotiated and agreed to provide equine insurance to plaintiffs in the amount of $75,000. Defendant Barringer had acted as the agent of defen-

dant Equine which had previously insured at least one other horse owned by plaintiffs. Some of the risk insured resided in Kansas. Therefore, we conclude that defendant Barringer is amenable to service under K.S.A. 60–308(b)(4). Because plaintiffs have established a *prima facie* case of personal jurisdiction under K.S.A. 60–308(b)(4), we need not address plaintiffs' additional asserted grounds for personal jurisdiction.

■ Plaintiff also argues that the court's exercise of personal jurisdiction over defendant Barringer comports with the requirements of due process. Assertion of jurisdiction comports with due process if defendant Barringer had certain "minimum contacts" with the forum such that the prosecution of the suit "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). To have minimum contacts defendant Barringer must have a *fair* warning of being subject to jurisdiction—that is, defendant Barringer's activities must be "purposefully directed at residents of the forum and the litigation arises from or relates to those activities." *Burger King v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1984).

A second aspect of minimum contacts is foreseeability, expressed as "that the [defendant's] conduct and connection with the forum State are such that he should *reasonably* anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (emphasis supplied). In making this determination, courts have assessed whether the defendant has purposefully availed himself of the privileges of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183.

■ Therefore, under due process analysis, a court must look to the "quality and nature" of the defendant's activity to determine whether it is both "reasonable" and "fair" to require the defendant to conduct his defense in the forum state. *Thermal Insulation Systems v. Ark–Seal Corp.,* 508 F.Supp. 434, 442 (D.Kan.1980). In every case there must be some act by which the defendant purposefully avails himself of the privilege of conducting business or other activities in the forum State, thus invoking the benefits and protections of the laws. *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183; *see, Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Actual physical contacts by defendant with the forum state are not required. *Pedi–Bares, Inc. v. P & C Food Markets, Inc.,* 567 F.2d 933 (10th Cir.1977); *Rosedale State Bank and Trust Co. v. Stringer,* 2 Kan.App.2d 331, 333, 579 P.2d 158 (1978).

The Tenth Circuit has stated that when "specific jurisdiction" [1] is based upon a contractual dispute, we must evaluate "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing ... in determining whether the defendant[ ] purposefully established minimum contacts with the forum." *Equifax Services, Inc. v. Hitz,* 905 F.2d 1355, 1357–58 (10th Cir.1990) (*quoting, Burger King,* 471 U.S. at 479, 105 S.Ct. at 2185). The Tenth Circuit also notes that "parties who reach beyond one state are subject to regulation and sanctions in the other state for the consequences of their activities." *Id.* If defendant's actions cause foreseeable injuries in another state, it is "at the very least, presumptively reasonable for [the defendant] to be called to account for such injuries." *Id.*

■ Based on the previously stated allegations of fact, we find that minimum contacts by defendant Barringer with this

---

**1.** This is a case of specific jurisdiction because this litigation arises out of or is related to defendant's alleged contacts with Kansas residents. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). In any event, plaintiffs concede that there are insufficient contacts in this case for the court to exercise general jurisdiction over defendant.

forum have been established. Defendant is alleged to have entered into an insurance contract with plaintiffs, Kansas residents, knowing that the insured risk would be in Kansas and knowing that performance of the contract would partly be accomplished in Kansas over a sustained period of time. We think that it is presumptively reasonable that defendant Barringer could have foreseen that any dispute between himself or his company and plaintiffs concerning the policy of insurance in question would subject him to suit in Kansas.

Additionally, we conclude that the factors set forth in *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184, for the most part, favor the exercise of personal jurisdiction. Kansas has a clear interest in adjudicating disputes involving Kansas residents. Kansas also has a legitimate and clear interest in redressing the alleged injuries suffered by Kansas residents at the hands of out-of-state insurance companies. We conclude that an insurance company that reaches across state boundaries and contracts with residents of a foreign state to provide insurance makes itself and its agents amenable to personal jurisdiction in that state. For these reasons, the court concludes that the exercise of personal jurisdiction over defendant is both fair and reasonable and comports with the requirements of due process.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion to dismiss for lack of personal jurisdiction (Doc. 6) is denied.

IT IS SO ORDERED.