(946 P.2d 1009)
No. 76,430

CORCO, INC., *Appellee*, v. LEDAR TRANSPORT, INC., *Appellant*.

Opinion filed June 20, 1997.

*Joseph M. Backer*, of Kurlbaum Stoll Seaman Reefer Suter & Mustoe, P.C., of Kansas City, Missouri, for appellant.

*Joseph F. Reardon*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, Kansas, for appellee.

Before ELLIOTT, P.J., GREEN, J., and JOHN E. SANDERS, District Judge, assigned.

ELLIOTT, J.: Ledar Transport, Inc., (Ledar) appeals the dismissal of its counterclaim against Corco, Inc., (Corco) on the ground that Ledar was a foreign corporation doing business in Kansas and failed to register with the Secretary of State.

We reverse and remand.

The trial court dismissed Ledar's counterclaim with prejudice based on Ledar's failure to register as a foreign corporation under K.S.A. 17-7301 and K.S.A. 17-7307(a). If a foreign corporation has done business in Kansas without authority and has failed to comply with the registration statutes, it may not maintain an action in Kansas. *Panhandle Agri-Service, Inc. v. Becker*, 231 Kan. 291, 294, 644 P.2d 413 (1982).

K.S.A. 17-7307(a) provides:

"A foreign corporation which is required to comply with the provisions of K.S.A. 17-7301 and 17-7302 and which has done business in this state without authority shall not maintain any action or special proceeding in this state, unless and until such corporation has been authorized to do business in this state and has paid to the state all taxes, fees and penalties which would have been due for the years or parts thereof during which it did business in this state without authority."

K.S.A. 17-7307 is substantially the same as § 383 of the Delaware Corporation Code. States with similar statutes generally hold that compliance after an action is begun is sufficient to enable a corporation to maintain an action. See *Hudson Farms, Inc. v. Mc-Grellis*, 620 A.2d 215 (Del. 1993); 23 A.L.R. 5th 744, 777; see also *Pedi Bares, Inc. v. P & C Food Markets, Inc.*, 567 F.2d 933, 936 (10th Cir. 1977) (in Kansas, a foreign corporation may comply with statute after suit commenced).

The real problem with Ledar's argument is that it never fully complied with the statute because it did not report to the Secretary of State that it had done business in Kansas from October 1993 to November 1994 and, thus, did not pay all taxes and fees which would have been due. The trial court was correct in finding Ledar failed to comply with 17-7307(a), but was incorrect in dismissing the case with prejudice.

Kansas courts have long treated such fact patterns as though a plea in abatement had been sustained, meaning a party could not at the time maintain the action. But sustaining a plea in abatement does not bar a new action when the disability is removed. See, *e.g.*, *Deere v. Wyland*, 69 Kan. 255, 261, 76 P. 863 (1904) (predecessor statute).

In the present case, there is nothing in the record to indicate the trial court ever gave Ledar a set, reasonable period of time within which to achieve compliance. See *Vickers v. Buck Stove & Range Co.*, 70 Kan. 584, 586, 79 P. 160 (1905) (predecessor statute).

We recognize that the predecessor to K.S.A. 17-7307(a) was found to be violative of the Commerce Clause and, therefore, unconstitutional as applied to the facts in *Buck Stove & Range Co. v. Vickers*, 226 U.S. 205, 57 L. Ed. 189, 33 S. Ct. 41 (1912), and *International Textbook Co. v. Pigg*, 217 U.S. 91, 54 L. Ed. 678, 30 S. Ct. 481 (1910). Nonetheless, the Tenth Circuit continues to rely on the old Kansas case law for the proposition here involved. See *Pedi Bares, Inc.*, 567 F.2d 933.

Under the facts of this case, the proper remedy was to dismiss Ledar's counterclaim without prejudice rather than with prejudice. This would leave Ledar the opportunity to comply with the statutes and then reassert its claim against Corco. On the other hand, it would also leave the risk that the statute of limitations might run against Ledar.

Reversed and remanded with directions to dismiss Ledar's counterclaim without prejudice.