ASSOCIATED COMMUNICATIONS & RESEARCH SERVICES, INC.; and ACRS Construction Company, Inc., Plaintiffs,

v.

KANSAS PERSONAL COMMUNICATIONS SERVICES, Ltd., a/k/a KPCS, Ltd., a Kansas corporation, Defendant.

No. 97–1349–KHV.

United States District Court,
D. Kansas.

Dec. 21, 1998.

Derek S. Casey, Hutton & Hutton, Wichita, KS, David Youngblood, Moore, Mowdy & Youngblood, Atoka, OK, Samuel P. Logan, James K. Logan, Logan Law Firm LLC, Olathe, KS, for Plaintiffs.

William L. Mitchell, Hutchinson, KS, Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, KS, David G. Seely, Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, for Defendant.

## MEMORANDUM ORDER

MARTEN, District Judge.

This is an action arising out of a failed venture by plaintiffs Associated Communications & Research Services, Inc. and ACRS Construction Co. (collectively here, ACRS) and defendant Kansas Personal Communications Services (KPCS) to construct a Personal Communications System (PCS) in Kansas. In its previous orders the court has dismissed other individual directors of KPCS as well as ACRS's fraud claims. In essence, the action has been limited to the contract claims between the corporations.

KPCS has now moved to dismiss the action under K.S.A. 17–7307(c). This statute provides that a foreign corporation doing business without authority in Kansas cannot maintain an action here

unless and until such corporation has been authorized to do business in this state and has paid to the state all taxes, fees and penalties which would have been due for the years or parts thereof during which it did business in this state without authority.

■ In support of its motion, KPCS submitted a narrative of allegedly uncontroverted facts (some 30 paragraphs) which support the finding that, in the construction of the PCS system, the plaintiffs were indeed doing business in Kansas without authority. If a foreign corporation has done business in Kansas without authority and has failed to comply with the registration statutes, it may not maintain an action in Kansas. *Panhan-* *dle Agri–Service, Inc. v. Becker,* 231 Kan. 291, 294, 644 P.2d 413 (1982). The specific details of this narrative are moot, however, since ACRS in its response essentially concedes that it was indeed doing business in Kansas.

The essence of the response is that, while it may have been doing business in Kansas during the time of the construction of the PCS system, it has recently obtained permission to do business in Kansas by the Secretary of State. (Resp. at 2). Several courts have held that the requirements of K.S.A. 17–7307 can be satisfied retroactively. *Pedi Bares, Inc. v. P & C Food Markets, Inc.,* 567 F.2d 933, 936 (10th Cir.1977). KPCS has filed a reply which argues, in effect, that 17–7307 creates two requirements—that the unauthorized foreign corporation may maintain an action here only if it both obtains authority to do business, and if it pays taxes due. KPCS argues ACRS has still failed to pay taxes associated with its work performed in Kansas.

■ On the issue of ACRS's tax status, the matter has not been well briefed by either side. Of the 30 fact paragraphs in the initial motion for summary judgment, almost all deal with the question of whether ACRS was doing business in Kansas, not with whether it has failed to pay state taxes. The exception is ¶ 7, which alleges that ACRS president Clayburn Curtis admitted that ACRS had not "paid sales tax, unemployment tax, Kansas income withholding tax, and contended [ACRS] was excused from such by the fact that all workers hired were from Oklahoma." The same testimony by Curtis forms the basis for KPCS's allegations of nonpayment of taxes in its ¶ 31.

In its reply brief, KPCS is more expansive, arguing that ACRS has not paid various types of taxes, including income tax and real or personal property tax. (Reply, at 5–6). These assertions are not supported by admissible evidence as required by D.Kan. Rule 56.1. KPCS cites no evidence for its claim ACRS paid no income taxes. Rather, it invokes an unsubstantiated absence of evidence: "No part of the discovery record shows these taxes were paid." (Id. at 5).

Similarly, the argument that ACRS has not paid property taxes is unproven, premised on the hypothetical assertion: "If plaintiffs had any real or personal property within the State, such taxes were payable to Morris County, and were not shown as paid." (Id. at 6).

If the reply does not do a very good job in showing that income and property taxes were owed by ACRS, the response of ACRS does little to address the issue of taxes. In its response, ACRS only attempts to controvert five facts. Of these five, in three instances the denial is premised on the statement that the issue is listed as a question of fact in the pretrial order. This denial is obviously not premised on the sort of admissible evidence required by D.Kan. Rule 56.1, and accordingly the facts in question (¶¶ 21–23) are deemed admitted. Of the other two facts, one (¶ 6) has to do with whether Curtis was authorized to do business in Kansas by the Society of Professional Engineers, and is of little relevance here. ACRS does "deny" KPCS's ¶ 7, but the denial in fact admits the substance—that no taxes were paid *in Kansas*—of the fact alleged:

> Plaintiffs deny defendant's numerical fact A.7 in its brief insofar as it alleges or intimates that sales tax, unemployment tax, or withholding tax was not paid on the workers who worked in Kansas. At all times during the period of the contracts, all workers were paid from the State of Oklahoma and unemployment tax, workers' compensation, and sales tax were withheld and paid to the State of Oklahoma.

(Resp. at 2).

The court cannot find summary judgment appropriate in light of the absence of evidence before the court as to the existence of any tax delinquency by ACRS. Moreover, the failure to pay taxes may justify dismissal under K.S.A. 17–7307, but the dismissal should be without prejudice. *Corco, Inc. v. Ledar Transport, Inc.*, 24 Kan.App.2d 377, 378, 946 P.2d 1009 (1997). *Corco*, which has not been addressed by either party, directly suggests that the better approach is to give the plaintiff "a set, reasonable period of time within which to achieve compliance." Id. at 379, 946 P.2d 1009. The court believes three months is an adequate time to document the existence or nonexistence of any tax delinquency.

IT IS ACCORDINGLY ORDERED this 21st day of December, 1998, that the defendant's motion for summary judgment (Dkt. No. 85) is denied for the reasons stated herein. The defendant may file a renewed motion after April 1, 1999.